136 N.J. Super. 340 (1975)
346 A.2d 109
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
NANCY PICKELL, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted September 23, 1975.
Decided October 3, 1975.
*341 Before Judges LYNCH, ACKERMAN and LARNER.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. Robert J. Konzelmann, Assistant Deputy Public Defender, on the brief).
Mr. William F. Hyland, Attorney General, attorney for respondent (Ms. Susan G. Rivkind, Deputy Attorney General, on the brief).
PER CURIAM.
The sole issue on appeal is alleged excessiveness of sentence. Defendant was sentenced to a term of six months in the Monmouth County Correctional Institution after a plea of guilty to a charge of obtaining money under false pretenses, in violation of N.J.S.A. 2A:111-2. The offense arose out of a welfare fraud in which defendant illegally obtained welfare benefits by claiming non-existent dependent children and utilizing a fictitious name while she was also receiving benefits under her correct name.
It is asserted that a custodial sentence was unwarranted and constituted abuse of judicial discretion because of the fact that defendant has two children to care for.
The objectives of sentencing are well-known among the bench and the bar, and all should be considered in the sentencing of any individual.
*342 "The philosophical justification for `punishment' has divided men for centuries. Suggested bases or aims are (1) retribution, (2) deterrence of others, (3) rehabilitation of the defendant, and (4) protection of the public by isolation of the offender." State v. Ivan, 33 N.J. 197, 199 (1960).
In connection with a gambling offense Chief Justice Weintraub further noted in Ivan:
* * * [T]he judge must decide in what way the interest of the public will best be served. He seeks justice to society as well as to the individual, and of course justice to the individual is itself a phase of justice to the community. If the offense has strong emotional roots or is an isolated event unassociated with a pressing public problem, there is room for greater emphasis upon the circumstances of the individual offender. On the other hand, if the crime is a calculated one and part of a widespread criminal skein, the needs of society may dictate that the punishment more nearly fit the offense than the offender. There the sentencing judge may conclude he should give priority to punishment as a deterrence to others and as an aid to law enforcement. [at 201-202]
In agonizing over the appropriate sentence to be imposed herein the trial judge gave priority to the element of deterrence over the appealing emotional overlay of defendant's circumstances, particularly the impact of a custodial sentence upon her two children.
Such a choice of priority is fully warranted under the facts of this case. Rehabilitation plays but a minor role in the context of a crime such as welfare fraud. Deterrence is properly the most meaningful factor to be considered.
It is apparent that the imposition of a noncustodial sentence would serve no useful purpose in deterring the defendant or others who have been tempted to steal public funds through outright fraud. The extent of welfare frauds is a blot on our society, and the courts have a responsibility to utilize the sentencing process in an effort to reduce this criminal activity.
When a public problem of this type is widespread, the priority of deterrence chosen by the sentencing judge is clearly within the ambit of his discretionary power. So long *343 as the sentence is within statutory limits and it does not appear that the sentence is unduly punitive in the light of the light of the existing circumstances, this court will not interfere with the discretionary prerogative of the sentencing judge. State v. Johnson, 67 N.J. Super. 414, 432 (App. Div. 1961); State v. Gibbs, 79 N.J. Super. 315, 325 (App. Div. 1963); State v. Cox, 101 N.J. Super. 470 (App. Div. 1968), cert. den. 53 N.J. 510 (1969).
The judgment is affirmed. We do, however, recommend that application be made by defendant to the assignment judge of Monmouth County for child care release under the Work Release Program in effect in that county. N.J.S.A. 30:8-44.