## No. 26292

## The People of the State of Colorado v. R. T. Thomas

(543 P.2d 1249)

Decided December 29, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, David A. Sorenson, Assistant, John R. Rodman, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Thomas M. Van Cleave III, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

The defendant appeals from a conviction of possession of a narcotic drug, heroin. During the execution of a search warrant, five small balloons, the contents of which were tested positive for heroin, were found on the defendant's person. Defendant alleges that the trial court erred in not granting his motion to suppress in that the search warrant was issued not in compliance with the *Aguilar-Spinelli* tests. He further argues that the trial court committed error in its refusal to allow defense counsel to examine the affiant whose affidavit supported the search warrant in order to attack the credibility and accuracy of the information contained in the affidavit. The last contention of the defendant is that his sentence of ten to fourteen years imprisonment in the state penitentiary was unduly harsh and should be modified.

I.

The affidavit in support of the search warrant, signed by a member of the Narcotics Bureau of the Denver Police Department, was based upon information supplied to the officer by a confidential informant. The affidavit contained essentially the following information: (1) that the affiant had received information from an unidentified "reliable confidential informant" whose information had proven reliable on at least two other occa-

sions within the recent past, resulting in narcotics arrests and seizures; (2) that the informant was present in the apartment of the defendant on the previous day where he saw a quantity of heroin packaged in small balloons kept in a kitchen cabinet; (3) and that on that same day the informant observed the defendant sell heroin packaged in balloons to several persons. Also included was a description of the defendant and informant's verifica- tion of the fact that the defendant lived at the address given in the affidavit.

Defendant concedes that the allegation of personal knowledge on the part of the informant satisfies the first prong of the *Aguilar-Spinelli* test, in that there are sufficient underlying circumstances set forth so as to enable a magistrate to independently judge the validity of the informant's conclusion that criminal activity exists. *See People v. Harris,* 182 Colo. 75, 510 P.2d 1374 (1973). The defendant contends, however, that the subsequent allegations failed to satisfy the second prong, *i.e.,* there was not sufficient information to show that the informant was credible, or his information was reliable.

■ Admittedly the police officer's statement that the informant was "reliable," standing alone could not support the second prong of the *Aguilar-Spinelli* test. Referring to a similar assertion, this court in *People v. Peschong,* 181 Colo. 29, 506 P.2d 1232 (1973), said:

"The affidavit could have indicated — which it fails to do — the nature of the information previously given by the informant, whether it related to drugs, thefts, or other matters. It could have indicated whether the previous information led to arrests or convictions, or otherwise proved to be true.

■ The affidavit in this case is distingishable from the infirmities found in the affidavit in *Peschong, supra.* The affidavit indicates that previous information given by the informant involved narcotics and resulted in narcotic arrests and seizures.

Under the requirements of *Peschong,* we do not regard the information as insufficient. Further, this court has approved virtually identical language in *People v. Ward,* 181 Colo. 246, 508 P.2d 1257 (1973). In that case, the affidavit contained a statement by the affiant police officer that the information provided by the informant had proven reliable on at least two recent past occasions which resulted in narcotic arrests and seizures. We, therefore, rule that the motion to suppress was properly denied.

II.

■ At the hearing held on defendant's motion to suppress, the defense counsel sought to call the affiant as a witness to test the credibility and accuracy of the information contained in the affidavit. Counsel states in his brief that, although defense counsel had not subpoenaed the affiant, he was "apparently available," and that the district attorney stated that he had no objection to calling the affiant. The trial court refused to allow the

requested examination, and defendant assigns error. Although we have approved the cross-examination of an affiant *People v. MacDonald,* 173 Colo. 470, 480 P.2d 555 (1971), we cannot say that the court abused its discretion in this case by refusing the defendant's request. The standards of probable cause were met on the face of the affidavit, and it is apparent that the court had no reason to mistrust the allegations therein. There was no reversible error.

### III..

Defendant complains that his sentence of ten to fourteen years is unduly harsh in view of the fact that the defendant had no prior criminal convictions. A related contention is that evidence of 96 balloons of heroin found at the defendant's apartment building (which had been suppressed during trial) was improperly considered during sentencing through the pre-sentence investigation report. We cannot agree.

In this case, the sentencing judge properly noted that with respect to narcotics, the defendant's "past participation" was more than minimal. Defendant was afforded his right to allocution, but did not claim that the pre-sentence investigation report was untrue or inaccurate. Rather defense counsel accepted the report stating: "I have no knowledge of any facts which are not contained in the report." We cannot say that the sentencing court improperly utilized the information in the pre-sentence investigation report in imposing an appropriate sentence on the defendant. *Wolford v. People,* 178 Colo. 203, 496 P.2d 1011 (1972).

The defendant's sentence falls within the statutory minimum and maximum and it does not shock the conscience of the court.

Judgment affirmed.