156 N.J. Super. 559 (1978)
384 A.2d 199
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ALFRED WRIGHT, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted February 15, 1978.
Decided March 8, 1978.
*561 Before Judges MATTHEWS, CRANE and ANTELL.
Mr. Stanley C. Van Ness, Public Defender of New Jersey, attorney for appellant (Mr. Stanford M. Singer, Assistant Deputy Public Defender, on the brief).
Mr. John J. Degnan, Attorney General of New Jersey, attorney for respondent (Mr. William F. Hyland, former Attorney General of New Jersey; Mr. Simon Louis Rosenbach, Deputy Attorney General, on the brief).
PER CURIAM.
Pursuant to a plea bargain, on March 3, 1977 defendant withdrew his pleas of not guilty previously entered and pleaded guilty to Indictment 238-76-S charging him with obtaining money by false pretenses, N.J.S.A. 2A:111-2, and to counts 3 and 4 of Indictment 297-76-S charging him respectively with unlawful possession of a weapon, N.J.S.A. 2A:151-41(a), and atrocious assault and battery, N.J.S.A. 2A:90-1. As part of the plea bargain the State agreed to recommend the dismissal of counts 1 and 2 of Indictment 297-76-S and to recommend that any sentence imposed on that indictment be served concurrently with that imposed on Indictment 238-76-S.
On April 7, 1977 defendant was sentenced to serve concurrent terms of two to three years in the New Jersey State Prison each on counts 3 and 4 of Indictment 297-76-S and a concurrent term of one to two years on Indictment 238-76-S *562 with a recommendation that the sentences "be served at Yardville." He was further ordered to make restitution "of any money unlawfully obtained." A motion for reconsideration of sentence was later made and denied on April 29, 1977.
On this appeal defendant claims that the sentence imposed was "an abuse of the sentencing judge's discretion" and that it failed to take into account its impact upon defendant's son, who depends upon defendant as his sole source of support. However, in view of the nature of the offenses, the attending circumstances and the information set forth in the report of the presentence investigation we are satisfied that the trial court did not mistakenly exercise its discretion in imposing the custodial sentences which it did in this case. More is involved in the formulation of a penal sentence than merely the rehabilitation of the offender. State v. Ivan, 33 N.J. 197, 199 (1960). Punishment and rehabilitation are not necessarily incompatible. In re Buehrer, 50 N.J. 501, 509 (1967); State v. Pickell, 136 N.J. Super. 340, 342 (App. Div. 1975). These aspects of the sentence under review will be affirmed as imposed.
While restitution of monies unlawfully obtained is specifically authorized as a condition of probation under N.J.S.A. 2A:168-2, we know of no comparable authority whereby this requirement may be imposed as part of a custodial sentence. The design of penalties for crime is a legislative and not a judicial function and authority to impose punishment must be found in statutory law. United States v. Evans, 333 U.S. 483, 486-487, 68 S.Ct. 634, 92 L.Ed. 823 (1948); State v. Fair Lawn Service Center, Inc., 20 N.J. 468, 472-474 (1956); 21 Am. Jur.2d, Criminal Law § 577 (1965). Furthermore, Indictment 238-76-S is silent as to the amount of monies obtained, and the hearing made mandatory under State v. Harris, 70 N.J. 586 (1976), to determine the amount of monies owing was not conducted. For these reasons so much of the sentence which provides for restitution is vacated.
Sentence modified and as modified affirmed.