STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
FREDERICK BAUSCH, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted October 29, 1979—Decided November 19, 1979.

316 

Before Judges BISCHOFF, BOTTER and DWYER.

*Stanley C. Van Ness,* Public Defender, attorney for appellant (*David L. Kervick,* Assistant Deputy Public Defender, of counsel and on the letter brief).

*John J. Degnan,* Attorney General of New Jersey, attorney for respondent (*Miriam Kahan Brody,* Deputy Attorney General, of counsel and on the letter brief).

BY THE COURT.

Defendant appeals from the imposition of restitution as a condition of the probationary sentence he received in the trial court.

On April 24, 1977 defendant and his brother broke into the warehouse of Walter Carpet Mills, where defendant worked as a cutter and forklift operator. They had partially loaded a truck with rugs when they were caught red-handed by the police. When questioned defendant gave a statement in which he admitted to the crime and confessed that he and Leon Marowitz had "cut pieces off rolls, 14 or 15 foot pieces, and sold them and [had] split half [the proceeds of] the sales. That [had] happened quite a few times, at least ten times." Defendant was indicted in count 1 for the April breaking and entering (*N.J.S.A.* 2A:94–1), in count 2 for the April larceny (*N.J.S.A.* 2A:119–2(a)), and in count 3 for embezzlement of carpet from September 1976 to April 1977 (*N.J.S.A.* 2A:102–5). Marowitz was also indicted for the embezzlement.

Marowitz subsequently pleaded guilty and received a suspended prison sentence, a fine and probation which included a restitution condition. Defendant entered into a plea agreement pursuant to which he entered guilty pleas to counts 1 and 2, breaking and entering and larceny. The State agreed to recommend that the sentences for those offenses run concurrently and that the third count for embezzlement be dismissed. A presentence report was submitted to which was attached an itemized

list from Walter Carpet Mills of inventory losses from September 1976 to April 1977, totalling $6,896.51.

The judge sentenced defendant on count 1 (breaking and entering) to a suspended indeterminate term in the youth correctional complex, imposed a fine of $250, placed defendant on probation for five years and specified that one of the conditions of probation would be payment of restitution to the victim in the amount of $3,448, identical to the restitution required of Marowitz. An identical concurrent sentence was imposed on count 2 (larceny). On this appeal defendant challenges the imposition of restitution for the embezzlement as a condition of probation after conviction by guilty plea on the other counts.

The ordering of restitution or reparation from a convicted offender as a condition of probation has been specifically authorized by the Legislature in *N.J.S.A.* 2A:168–2:

> The court shall determine and may, at any time, modify the conditions of probation, and may, among others, include any of the following: That the probationer . . . shall make reparation or restitution to the aggrieved parties for the damage or loss *caused by his offense* . . .. [Emphasis supplied.]

The design of the range of penalties for crime is a legislative, not a judicial function. *State v. Wright,* 156 *N.J.Super.* 559, 562 (App.Div.1978); *State v. Hubbard,* 123 *N.J.Super.* 345, 351 (App.Div.1973), certif. den. 63 *N.J.* 325 (1973). There are several states whose probation statutes have been interpreted to permit imposition of restitution for the whole loss caused by a course of criminal conduct as a condition of probation upon conviction of a crime arising out of that course of conduct. *People v. Gallagher,* 55 *Mich.App.* 613, 223 *N.W.*2d 92, 95 (Ct. App.1974); *see Garski v. State,* 75 *Wis.*2d 62, 248 *N.W.*2d 425, 430–431 (Sup.Ct.1977); *People v. Richards,* 17 *Cal.*3d 614, 131 *Cal.Rptr.* 537, 552 *P.*2d 97, 100, 102–103 (Sup.Ct.1976); *People v. Dawes,* 132 *Ill.App.*2d 435, 270 *N.E.*2d 214, 215 (App.Ct.1971), aff'd 52 *Ill.*2d 121, 284 *N.E.*2d 629 (Sup.Ct.1972); *People v. Pet-*

*tit,* 88 *Mich.App.* 263, 276 *N.W.*2d 878, 880 (Ct.App.1979); *People v. Seda-Ruiz,* 87 *Mich.App.* 100, 273 *N.W.*2d 602 (Ct.App.1978); *State v. Cummings,* 120 *Ariz.* 69, 583 *P.*2d 1389, 1391 (Ct.App. 1978); *People v. Nawrocki,* 8 *Mich.App.* 225, 154 *N.W.*2d 45 (Ct.App.1967). Courts in other states have consistently interpreted probation statutes similar or identical to *N.J.S.A.* 2A:168–2 as limiting the power of the sentencing court to condition probation on restitution or reparation only for the loss or damage suffered as the result of the crime for which the accused was convicted, either after a trial or by entry of a guilty plea. See *State v. Reedeker,* Utah, 534 *P.*2d 1240, 1241 (Sup.Ct. 1975) (statute permits probationary condition of restitution "for the actual damages or losses caused by the offense"); *State v. Cox,* 35 *Or.App.* 169, 581 *P.*2d 104, 105 n.1 (App.Ct.1978) (statute permits probationary condition of "reparation or restitution to the aggrieved party for the damage or loss caused by [the] offense in an amount to be determined by the court"); *Crowder v. State,* 334 *So.*2d 819 (Fla.Ct.App.1976), *cert.* den. 342 *So.*2d 1101 (Fla.Sup.Ct.1977) (statute permits probationary condition of "reparation or restitution to the aggrieved party for the damage or loss caused by his offense in an amount to be determined by the court"); *State v. Eilts,* 23 *Wash.App.* 39, 596 *P.*2d 1050, 1053 (Ct.App.1979) (statute permits probationary condition of restitution "to any person or who may have suffered loss or damage by reason of the commission of the crime in question . . . ."). The federal probation statute, 18 *U.S. C.A.* § 3651, permits "restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which . . . the defendant is convicted either after a trial or a plea of guilty." *United States v. Tiler,* 602 *F.*2d 30, 33 (2 Cir. 1979); *see, e. g., Karrell v. United States,* 181 *F.*2d 981, 986–987 (9 Cir. 1950), *cert.* den. 340 *U.S.* 891, 71 *S.Ct.* 206, 95 *L.Ed.* 646 (1950); *United States v. Taylor,* 305 *F.*2d 183, 187 (4 Cir. 1962), *cert.* den. 371 *U.S.* 894, 83 *S.Ct.* 193, 9 *L.Ed.*2d 126 (1962), reh'g den. 371 *U.S.* 943, 83 *S.Ct.* 322, 9 *L.Ed.*2d 277 (1962); *United States v. Landay,* 513 *F.*2d 306, 308 (5 Cir. 1975); Anno-

tation, "Construction of clause of Federal Probation Act (18 U.S.C. § 3651) that, in placing defendant on probation upon terms and conditions, defendant may be required to make restitution," 97 *A.L.R.2d* 798, § 3 at 802–803 (1964).

 We are satisfied that in the ordinary case our Legislature intended to limit the amount of restitution or reparation which might be imposed as a condition of probation to the amount of the damages or loss resulting from the specific crimes of which the offender was actually convicted, as our sister states with similar statutes have held. Thus the "damage or loss caused by his offense" for which reparation or restitution might be ordered is ordinarily limited to the damage or loss occasioned by the crimes of which a defendant is convicted. Inasmuch as a sentencing judge may not infer guilt as to any charge with respect to which a defendant does not admit his guilt, *State v. Green*, 62 *N.J.* 547, 571 (1973), in the absence of an admission to complicity in other crimes, a judge would err if as a condition of a probationary sentence on one count of an indictment he were to require the defendant to make restitution on a count which had been dismissed either as a result of a plea agreement or otherwise. Where there is a dispute as to guilt of the other crimes or the extent of the damages or loss, the court must bear in mind that the victims have a right to bring a civil action to recover their losses. *People v. Richards, supra; State v. Harris*, 70 *N.J.* 586, 597 (1976).

 This case, however, presents a different situation because defendant admitted he committed other crimes causing loss to his employer, the victim of the crimes for which he pleaded guilty. When fashioning an appropriate sentence, the judge may consider "the whole person" of defendant. *State v. Marzolf*, 79 *N.J.* 167, 180 (1979); *State v. Sayko*, 71 *N.J.* 8, 13 (1976); *State v. Green, supra*, 62 *N.J.* at 566. Neither the defendant nor his offense should be fictionalized for purposes of the sentence, *State v. Marzolf, supra*, 79 N.J. at 180, and an

appropriate consideration is whether the crime for which defendant was convicted was merely part of a larger scheme. *Cf. State v. Ivan,* 33 *N.J.* 197, 202 (1960). In imposing sentence then, the sentencing judge properly considered the disclosure in the presentence report of defendant's admission to the carpet embezzlement, even though the indictment count charging him with that embezzlement was dismissed as part of the plea agreement. *See People v. Thomas,* 190 *Colo.* 140, 543 *P.*2d 1249, 1251 (Sup.Ct.1975), cited with approval in *Marzolf, supra,* 79 *N.J.* at 180.

The principal purpose in requiring restitution or reparation as a condition of probation is the rehabilitation of the offender inherent in compelling him to make amends to the person affected by his wrongful acts. Probationary restitution encourages offenders to meet their financial responsibilities. *State v. Harris, supra,* 70 *N.J.* at 592–593; *State in Interest of D. G. W.,* 70 *N.J.* 488, 500 (1976). The list of permissible probation conditions in *N.J.S.A.* 2A:168–2 was not intended to be exclusive; indeed, the Legislature prefaced that list by saying that the court "may, *among others,* include any of the following [conditions]" (emphasis supplied). The true test of the propriety of conditions of probation is that they must be "reasonable and just" on the factual basis afforded by the record, including the presentence report. *State v. Harris, supra,* 70 *N.J.* at 599. In a case such as this one, where the defendant has admitted to crimes causing loss to the victim in addition to the crime of which he is convicted, requiring restitution or reparation for damage or losses from the additional criminal acts as a condition of probation is reasonable and just.

Requiring this defendant to make restitution is particularly appropriate in light of the disclosure in the presentence report that defendant had continuously refused to obey support orders of the Juvenile and Domestic Relations Court and had amassed substantial arrearages. Furthermore, he indicated to

the probation officer that he had committed the crimes against his employer out of financial need. The sentencing judge could consider this information as indicating that defendant is in need of rehabilitation focusing on his obligation to meet financial responsibilities. We conclude that requiring restitution of defendant's employer for the losses suffered as a result of defendant's embezzlement was an appropriate exercise of the sentencing judge's discretion under the circumstances of this case.

■ Defendant further argues that conditioning his probation on restitution for the embezzlement was a violation of his plea agreement because the condition does not comport with reasonable expectations that it generated. Counsel argues he seriously considered the potential for restitution and that motivated in part the entry of the plea of guilty to the charges of breaking and entry and larceny. However, this consideration was not communicated to the judge. Furthermore, at the time he entered his guilty pleas defendant acknowledged his awareness that the judge could sentence him to any lawful sentence and did not protect his hope that he would not be required to make restitution by including any specifications regarding restitution in the plea agreement. *Cf. State v. Brown*, 71 *N.J.* 578, 582 (1976). He therefore cannot complain the agreement itself was breached, and any expectation he nurtured that a probationary term would not support his rehabilitation by requiring restitution was unreasonable in light of his admitted responsibility for his employer's losses.

■ Defendant challenges the amount of the restitution required, pointing out that the judge gave no consideration to his ability to pay in determining the sum to be restituted. The State has conceded on appeal that the procedural due process requirements prerequisite to determination of the amount and terms of restitution to be paid as a condition of probation were not fulfilled. The employer submitted inventory losses but it is not clear whether defendant and his codefendant are responsible for all the inventory shortages. See *State v. Harris, supra,* 70

*N.J.* at 598–599; *State in Interest of D.G.W., supra,* 70 *N.J.* at 501–509. The sentencing judge also failed to give a statement of reasons for imposition of the restitution condition in the amount and under the terms required. *R.*3:21–4(e); *State v. Harris, supra,* 70 *N.J.* at 599. The ability of the defendant to meet the order is an important consideration. As a result, this court is unable to review the amount and terms of the restitution condition, as defendant asks.

The judgments of conviction and sentences imposed are, in all respects, affirmed, except as to the total amount of restitution and the conditions of repayment.

Accordingly, this matter is remanded to the sentencing judge for reconsideration of the conditions of probation in accordance with this opinion. We do not retain jurisdiction.