STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
FREDERICK BAUSCH, DEFENDANT-APPELLANT.

Argued April 22, 1980—Decided July 10, 1980.

*David L. Kervick,* Assistant Deputy Public Defender, argued the cause for appellant (*Stanley C. Van Ness,* Public Defender, attorney).

*Miriam Kahan Brody,* Deputy Attorney General, argued the cause for respondent (*John J. Degnan,* Attorney General of New Jersey, attorney).

The opinion of the Court was delivered by

SCHREIBER, J.

The grand jury indictment charged defendant Frederick Bausch with three counts. The first alleged that on April 24, 1977 he broke into the building of Walter Carpets in Linden with an intent to steal, contrary to the provisions of *N.J.S.A.* 2A:94–1. The second count asserted that on that occasion he stole property belonging to Walter Carpets having a value of more than $500, such act being in violation of *N.J.S.A.* 2A:119–2(a). The last count stated that between September 1976 and April 1977, defendant and a Leon Marowitz embezzled property of Walter Carpets, their employer, contrary to *N.J.S.A.* 2A:102–5.

Defendant pleaded not guilty to all counts of the indictment. On January 30, 1978, pursuant to an arrangement, he retracted his pleas and pleaded guilty to Counts 1 and 2. At the hearing he explained that he broke into the side window of Walter Carpets, turned off the alarm and then drove his van in the back of the building. He had started to pull carpets out of the racks when the police arrived and subsequently apprehended him. The rugs which he attempted to steal were worth about $1,000.

The Assistant Prosecutor recommended that any sentences imposed for Counts 1 and 2 run concurrently. It was also apparently understood that Count 3 would be dismissed. The Assistant Prosecutor also told defendant that the trial court would receive a presentence report from the Probation Department, that the court would review the report before sentencing, and that the court "may impose any sentence that [it] deems appropriate within the confines of the law." The trial court accepted the guilty pleas to Counts 1 and 2.

Bausch was sentenced on February 24, 1978. Noting that the 25-year-old defendant had no prior record and that he had cooperated with law enforcement authorities, the trial court sentenced defendant on Count 1 to an indeterminate term in the Youth Correctional Complex and imposed a fine of $250. The term was suspended and defendant was placed on probation for five years. A special condition of probation was that defendant make restitution to Walter Carpets of $3,448. This represented one-half of the losses Walter Carpets claimed it had suffered as a result of the embezzlements in Count 3. The restitution and fine were to be paid during the probationary period. The same sentence was imposed on Count 2, the terms and probation periods to be concurrent. Count 3 was dismissed. The final written judgment, however, provided that the restitution of $3,448 was a special condition only under the Count 1 sentence. The total fine was $500.

Defendant moved for reconsideration of the sentence. In oral argument on March 23, 1978, defense counsel contended that the restitution condition was invalid because the embezzlement count had been dismissed. He maintained that Bausch pleaded

guilty to breaking and entry (Count 1) and larceny (Count 2) in order to eliminate the embezzlement charge with its accompanying possibility of restitution. It was for that reason defendant had pleaded guilty to two high misdemeanors and bargained for dismissal of a misdemeanor (embezzlement). Finally, counsel argued there had been no hearing or factual basis shown justifying the dollar amount fixed or establishing defendant's ability to pay.

The Assistant Prosecutor did not deny knowledge of defendant's motive in seeking a dismissal of the embezzlement count. Instead, the Assistant Prosecutor argued that restitution was authorized under *N.J.S.A.* 2A:168–2 and that the presentence report contained a factual basis for the amount of restitution.

The trial court denied the motion for sentence reconsideration. Holding that the power to order restitution existed, it commented that defendant in a statement to the police had admitted that he and Marowitz had taken 14- or 15-foot rolls of rugs on at least ten occasions, sold them and split the proceeds. The employer's inventory loss attached to the presentence report set forth a loss of $6,896. Thus, the trial court concluded a factual basis existed for the restitution.

The Appellate Division affirmed the judgments of conviction and the sentences, but remanded for reconsideration of the amount of restitution and the conditions of repayment in light of our decisions in *State in the Interest of D.G.W.,* 70 *N.J.* 488 (1976), and *State v. Harris,* 70 *N.J.* 586 (1976). 171 *N.J.Super.* 314 (App.Div.1979). The Appellate Division held that restitution could properly include the losses covered in Count 3, which had been dismissed, because defendant had signed a statement admitting thefts on prior occasions. It rejected defendant's argument that the restitution condition violated his plea agreement. The Appellate Division noted that defendant's understanding that he would not be subjected to restitution had not been communicated to the trial court. We granted defendant's petition for certification. 82 *N.J.* 289 (1980).

Authority to require restitution as a condition of probation is found in *N.J.S.A.* 2A:168–2 which states that:

> The court shall determine and may, at any time, modify the conditions of probation, and may, *among others*, include any of the following: That the probationer . . . shall make reparation or restitution to the aggrieved parties for the *damage or loss caused by his offense* . . . . [emphasis supplied]

The only offense to which the statute refers is the offense for which defendant was convicted. It would seem that the "aggrieved parties" refers to the victims of the crime involved. Further, *N.J.S.A.* 2A:168–2 must be read together with *N.J.S.A.* 2A:168–1[1] which authorizes the courts to place a defendant on probation after conviction or a plea of guilty or non vult "for any crime or offense." The latter statute relates offense to the particular incident forming the factual basis of the offense of which the defendant has been convicted. The reference to the offense in *N.J.S.A.* 2A:168–2 would reasonably appear to be to the same incident. Counsel have not brought to our attention any decisions construing the word "offense" in *N.J.S.A.* 2A:168–2 differently and our own research has disclosed none. Similarly worded statutes in other states have been construed in the same manner. See, *e. g., Fresneda v. Florida*, 347 *So.*2d 1021 (Fla.Sup.Ct.1977) ("reparation or restitution to the aggrieved party for the damage or loss caused by his offense in an amount to be determined by the court." *Fla.Stat.* § 948.03(g)). Our interpretation is consonant with the New Jersey Code of Criminal Justice, *N.J.S.A.* 2C:1–1 *et seq.* That act provides that when a court suspends imposition of a sentence on a person "who has been convicted of an offense," it may as a condition of its order placing a defendant on probation require the defendant "[t]o make restitution of the fruits of his offense . . . ." *N.J.S.A.* 2C:45–1(b)(8). Again the language refers to the offense for

---

[1]*N.J.S.A.* 2A:168–1 reads in pertinent part as follows:

> When it shall appear that the best interests of the public as well as of the defendant will be subserved thereby, the courts of this state having jurisdiction over criminal or quasi-criminal actions shall have power, after conviction or after a plea of guilty or non vult for any crime or offense, except those hereinafter described, to suspend the imposition or execution of sentence, and also to place the defendant on probation under the supervision of the chief probation officer of the county, for a period of not less than 1 year nor more than 5 years.

which the defendant had been convicted. See *N.J.S.A.* 2C:1–5 abolishing common law crimes and stating that "no conduct constitutes an offense unless the offense is defined by this code or another statute of this State."

The State contends that, though *N.J.S.A.* 2A:168–2 does not explicitly authorize a trial court to impose as a condition of probation restitution for the value of goods unrelated to the offense of which the defendant is guilty, courts have the inherent power to do so. This position is founded on the principle that suspension of sentence and ordering probation are judicial functions, and the judiciary is not necessarily limited by the legislative standards in fashioning remedies in criminal matters.

In *State v. Carter*, 64 *N.J.* 382 (1974), we commented:

> The court's power to fashion remedies in the realm of criminal justice is unquestioned. At common law, courts of criminal jurisdiction had the power to suspend sentences. *In re Baer*, 140 *N.J.Eq.* 571, 573 (E. & A. 1947). Probation has a deep-rooted common law basis. The enactment of a statute relating to a particular aspect of probation does not preempt the entire field. *Lathrop v. Lathrop*, 57 *N.J.Super.* 532, 538–539 (App.Div.1959). It follows that a statute neglecting to mention probation would certainly not preempt the court's ability to provide for it. [*Id.* at 392]

See also *State v. Leonardis*, 73 *N.J.* 360, 369–370 (1977).

In *Adamo v. McCorkle*, 13 *N.J.* 561 (1953), *cert.* den. 347 *U.S.* 928, 74 *S.Ct.* 531, 98 *L.Ed.* 1080 (1954), Justice Jacobs reviewed the history of the use of probation in our criminal jurisprudence. He concluded:

> Notwithstanding the doubts which may be expressed as to its basis in English common law, there is little question that the practice of suspending sentence during good behavior long antedated statutory authority in our State and elsewhere. [*Id.* at 564; citations omitted]

New Jersey courts could and did impose terms and conditions accompanying the suspension of sentence and probationary term prior to enactment of the first act relating to probation, *L.* 1900, c. 102.[2] See *State v. Addy*, 43 *N.J.L.* 113 (Sup.Ct.1881). In *In re Baer*, 140 *N.J.Eq.* 571 (E. & A. 1947), the Court of Errors and Appeals wrote:

---

[2]Repealed *L.* 1906, c. 74.

> There is no doubt that, at common law, courts of criminal jurisdiction had the power to and did suspend sentences. The weight of authority and our courts recognize the inherent power of the courts to suspend sentences temporarily, or for a reasonable length of time. [*Id.* at 573; citations omitted]

Although there is inherent power to provide for probation, the judiciary has no power to create a penalty for a statutory crime where none exists, *State v. Fairlawn Service Center, Inc.*, 20 *N.J.* 468, 473 (1956), or to mete out a punishment in excess of that prescribed by the Legislature, *State v. Wright*, 156 *N.J.Super.* 559, 562 (App.Div.1978), or to lessen or reduce a sentence where the Legislature has provided a mandatory penalty, *State v. Fearick*, 69 *N.J.* 32, 38 (1976). It might be contended that by listing specific conditions of probation in *N.J.S.A.* 2A:168–2 the Legislature has preempted the inherent power of the courts to impose other conditions. This does not appear to be the case. The statute describes the court's discretionary power in terms of imposing the specified terms "among others," thus clearly not binding or restricting the court to those enumerated.

The New Jersey Code of Criminal Justice, as previously indicated, lists 13 possible probationary conditions and authorizes the court to attach, when reasonable, such conditions as are set forth if deemed necessary to insure that the defendant will lead a law-abiding life or is likely to assist him to do so. *N.J.S.A.* 2C:45–1. Though the flexible phrase "among others" is missing, the flexibility has been maintained by empowering a court to compel a defendant "[t]o satisfy any other conditions reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty or incompatible with his freedom of conscience." *N.J.S.A.* 2C:45–1(b)(12).

When the trial court exercises its sentencing authority, it should consider all relevant circumstances and factors in fixing the terms and conditions of a sentence. Justice Handler in *State v. Marzolf*, 79 *N.J.* 167 (1979), succinctly summarized this proposition as follows:

> Yet, neither the defendant nor his offense should be fictionalized for purposes of sentence. The "whole person", not censored versions of his personal history or selected facets of his character, is to be addressed in fashioning an appropriate

sentence. A sentencing judge should fully assess the totality of circumstances, "including the details of the offense" . . . . . [*Id.* at 180; citations omitted]

As previously noted the Legislature and the judiciary have acknowledged that after weighing all factors, a court may properly suspend a sentence and place the defendant on probation. Whether the defendant should continue to enjoy that status depends on continued good behavior. It may also depend upon other conditions, one of which is restitution.

■ The central purpose of restitution in the probation context is rehabilitation. *State v. Harris*, 70 *N.J.* at 592. The defendant is made to understand that his wrongful conduct has caused damage to a victim and, in a broader sense, to society. Restitution related to the character or nature of the criminal offense of which defendant has been convicted serves to instill a sense of responsibility for and an awareness of damage resulting from wrongful conduct.

■ Certain caveats should be heeded. First, although all factors should be considered in fixing a sentence and though restitution may be imposed as a probationary condition for the purpose of rehabilitation, a court may not punish a defendant for an offense for which he has not been convicted or pleaded guilty. Justification for restitution only exists so long as rehabilitation from the defendant's guilty criminal behavior is fostered by compensation to the victim. Furthermore, there must be a factual underpinning supportive of the sentence and restitution.

Illustrative of some of these elements is the situation which arose in *People v. Richards*, 17 *Cal.*3d 614, 552 *P.*2d 97, 131 *Cal.Rptr.* 537 (Sup.Ct.1976). Defendant had been charged with two counts of grand theft, one victim being a William Ward and the other a Juanita Garbuio. The jury acquitted the defendant of the Ward charge, but found him guilty of the other. The trial court placed the defendant on probation on condition that he make restitution to Ward. The California Supreme Court reversed and remanded substantially for the reason that the trial court could not properly conclude that the defendant owed money for "unproved or disproved crimes or conduct." *Id.* at

620, 552 *P.2d* at 101, 131 *Cal.Rptr.* at 541. In the absence of that factual basis and a demonstrated rehabilitative purpose, it was improper to compel a payment to Ward.

In the event of a trial, it would be unseemly to require restitution, for the defendant would have been acquitted of the offense. To impose restitution as a probationary condition would contradict the acquittal and could, if the condition were violated, result in the defendant's incarceration. Thus, it would appear as if the defendant were being imprisoned for an offense for which he had not been convicted. Acquittal at trial is to be distinguished from situations where the defendant has voluntarily entered a plea.[3]

When a defendant has pleaded guilty, whether or not as part of a plea bargain, there must, of course, be a factual basis for the plea. *R.* 3:9–2. In connection with a plea bargain facts underlying a count which has been dismissed may be considered in fixing the sentence for the conviction, *State v. Marzolf,* 79 *N.J.* at 184–185, but may not serve as a basis for restitution unless two additional conditions are satisfied. First, there should be a relationship between the restitution and the goal of rehabilitation with respect to the offense for which the defendant is being sentenced. Second, there must be an adequate factual basis supportive of the restitution.

We have previously adverted in *State v. Harris,* 70 *N.J.* at 597–599 and *State in the Interest of D.G.W.,* 70 *N.J.* at 503–508, to the requirement that as a condition precedent to imposing restitution, there be demonstrated to the trial court a showing of the amount due the victim and of the defendant's ability to repay. See also Annotation, "Ability to pay as necessary consideration in conditioning probation or suspended sentence upon

---

[3]But see *People v. Lent,* 15 *Cal.3d* 481, 541 *P.2d* 545, 124 *Cal.Rptr.* 905 (Sup.Ct.1975), where defendant was found guilty of theft of $500 but acquitted of theft of $1,278 from the same victim in connection with her claims against an insurance company for personal injuries. The trial court, after a nearly two-day hearing during which nine witnesses testified and the court concluded defendant was culpable, ordered restitution of $1,778 as a condition of probation.

reparation or restitution," 73 *A.L.R.3d* 1240 (1976). This will generally be accomplished in a summary proceeding and the factual basis will probably be found in the presentence report. The defendant is entitled to notice and hearing. He may refute the statements and present relevant material bearing on these issues. *State in the Interest of D.G.W.*, 70 *N.J.* at 505–508.

■ Furthermore, before restitution may be ordered, the defendant must satisfy the trial court that he (the defendant) has victimized the would-be recipient of the proposed payments. When the defendant has pleaded guilty to a crime and restitution involves damage due to that criminal event, support for the plea will establish responsibility. When, however, the defendant has not pleaded guilty to the crime on which the restitution is based, then the defendant cannot be obligated to make restitution unless he had voluntarily, with an understanding of the nature and consequences of what he is being asked to state, described a factual basis for liability. *Cf. State v. Reali*, 26 *N.J.* 222 (1958) (guilty plea must be made voluntarily, with an understanding of the nature of the charge). These statements may not be evidential against the defendant in any civil proceeding or admissible in a criminal prosecution to prove the offense for which he is making restitution.

■ Contrary to these guidelines, defendant in this case did not have an opportunity to admit or deny the validity of the charge that he had embezzled and converted carpets,[4] to question the correctness of the amount of the loss, or to demonstrate his inability to pay. Additionally, the trial court did not explain the justification for the restitution condition as required by the statement of reasons rule, *R.* 3:21–4(e). See *State v. Harris*, 70 *N.J.* at 599.

---

4 A transcribed interrogation by a detective of the Linden Police Department is attached to the presentence report. The time, nature and extent of the losses were not described. There is nothing to indicate under what circumstances this interrogation occurred. No reference was made to it during any of the hearings before the trial court.

 Another factor which undermines the plea in this case arises out of the plea proceedings. Fearful that restitution might be ordered if a guilty plea to Count 3 (embezzlement) were entered, defendant with his attorney's advice chose instead to plead guilty to Counts 1 and 2—despite the fact that these counts were high misdemeanors and subject to longer sentences than Count 3, a misdemeanor.[5] Since Count 3 was to be dismissed, defendant was led to believe that restitution would not be ordered.

At the entry of the plea defendant was advised by the Assistant Prosecutor that the trial court "may impose any sentence that [it] deems appropriate within the confines of the law." That admonition which was the only one given as to the possible sentence did not alert defendant that he might be subjected to restitution (restitution could not be based on the first two counts since no goods had been taken), for no reported opinion of any court in this State had held that probation could include a restitutionary condition based on a victim's losses alleged in a dismissed count. Defendant reasonably believed that pursuant to the plea bargain and dismissal of Count 3, the embezzlements were out of the case. Requiring restitution of the value of the goods allegedly embezzled under Count 3 in the face of the dismissal of that count would be manifestly unjust where defendant relied on the advice of his counsel and there was no indication from the Assistant Prosecutor or the trial court that such restitution might be required. See *State v. Marzolf*, 79 *N.J.* at 183–184; *State v. Nichols*, 71 *N.J.* 358 (1976).

Since the trial court has decided that defendant is entitled to probation, it shall grant probation without the condition of restitution. The judgment of the Appellate Division is modified and as modified is affirmed.

---

[5]The punishment for a misdemeanor was a fine of not more than $1000 or imprisonment for not more than three years or both, *N.J.S.A.* 2A:85–7, repealed by *L.* 1978, *c.* 95, *N.J.S.A.* 2C:98–2, and for a high misdemeanor was a fine of not more than $100,000 or imprisonment of not more than seven years or both. *N.J.S.A.* 2A:85–6, repealed *L.* 1978, *c.* 95, *N.J.S.A.* 2C:98–2.

SULLIVAN and PASHMAN, JJ., concurring in the result.

*For affirmance as modified* —Chief Justice WILENTZ and Justices SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER, HANDLER and POLLOCK—7.

*For reversal* —None.