875 A.2d 1050 (2005)
378 N.J. Super. 396
STATE of New Jersey, Plaintiff-Respondent,
v.
Stanley MATTHEWS, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued May 25, 2005.
Decided June 22, 2005.
*1051 Stephen P. Hunter, Assistant Deputy Public Defender, argued the cause for appellant (Yvonne Smith Segars, Public Defender, attorney; Mr. Hunter, of counsel and on the brief).
Samuel Marzarella, Senior Assistant Prosecutor, argued the cause for respondent (Thomas F. Kelaher, Ocean County Prosecutor, attorney; Mr. Marzarella, of counsel; Mr. Marzarella and William Kyle Meighan, Assistant Prosecutor, on the brief).
Before Judges CONLEY, BRAITHWAITE and WINKELSTEIN.
The opinion of the court was delivered by
WINKELSTEIN, J.A.D.
On January 14, 2003, an Ocean County Grand Jury indicted defendant, Stanley Matthews, charging him with sixteen counts of third-degree burglary, six counts of third-degree theft, one count of third-degree attempted burglary, and one count of fourth-degree theft. The following week, he applied for placement into the Ocean County drug court program. The prosecutor objected. The Law Division judge concluded that the objection was not a patent and gross abuse of discretion, and denied defendant admission into the program. *1052 Then, before another judge, defendant pleaded guilty to three third-degree burglary counts and three third-degree theft counts, with the remaining counts to be dismissed. The judge imposed three consecutive five-year terms, each with a two and one-half-year period of parole ineligibility.
On appeal, defendant challenges the order denying his admission into the drug court program, and the imposition of the fifteen-year sentence, claiming the sentence violated the terms of his plea agreement. We affirm.
We first address the court's order denying defendant admission into the drug court program. Drug courts have been developed as an alternate to incarceration for certain drug-addicted defendants. While no statutory definition of a "drug court" exists, the Administrative Office of the Courts (AOC), by Directive No. 2-02 issued on July 22, 2002, promulgated a Manual for Operation of Adult Drug Courts in New Jersey (the manual), which defines drug courts as "a highly specialized team process that function within the existing Superior Court structure to address nonviolent drug-related cases." The manual was issued on the heels of legislation enacted on September 6, 2001, creating an additional six Superior Court judges to effectuate the use of drug courts on a statewide basis. See N.J.S.A. 2B:2-1; Senate Judiciary Committee, Statement to S. 2227 (March 26, 2001) (statute enacted to permit expansion on statewide basis of drug court program in Superior Court over two-year period).
"The target population [for drug courts] was offenders eligible for sentencing pursuant to N.J.S.A. 2C:35-14." This statute was amended in 1999 to establish a program of "special probation" for certain offenders under certain conditions. State v. Hester, 357 N.J.Super. 428, 438, 815 A.2d 543 (App.Div.) (quoting L. 1999, c. 376, § 2), certif. denied, 177 N.J. 219, 827 A.2d 287 (2003). In part, N.J.S.A. 2C:35-14a provides:
Notwithstanding the presumption of incarceration pursuant to the provisions of subsection d. of N.J.S.A. 2C:44-1, and except as provided in subsection c. of this section, whenever a drug or alcohol dependent person is convicted of ... an offense, other than one described in subsection b. of this section, the court ... may ... place the person on special probation....
A defendant is only eligible for special probation, however, if he or she
is "drug or alcohol dependent," committed the underlying offense while "under the influence" of a controlled dangerous substance, "did not possess a firearm" at the time of offense or any pending charge, and that defendant will "benefit" from the program which "will thereby reduce the likelihood that [he or she] will thereafter commit another offense."
[Hester, supra, 357 N.J.Super. at 438-39, 815 A.2d 543 (quoting N.J.S.A. 2C:35-14a(1)-(5)).]
In addition to these restrictions, defendants who are convicted of certain offenses are per se ineligible for the program. Id. at 439, 815 A.2d 543; N.J.S.A. 2C:35-14a(6) & (7). Additional limitations are placed upon admission making a person ineligible for special probation if he or she is convicted of:
(1) a crime of the first degree;
(2) a crime of the first or second degree enumerated in subsection d. of N.J.S.[A.] 2C:43-7.2 [the No Early Release Act];
(3) a crime, other than that defined in N.J.S.[A.] 2C:35-7 [the sale or distribution of a controlled dangerous substance on or near school property], for which a *1053 mandatory minimum period of incarceration is prescribed ...; or
(4) an offense that involved the distribution or the conspiracy or attempt to distribute a controlled dangerous substance or controlled substance analog to a juvenile near or on school property. [N.J.S.A. 2C:35-14b.]
The statute further limits admission, even if a person is not disqualified under N.J.S.A. 2C:35-14a or b. N.J.S.A. 2C:35-14c provides:
c. A person convicted of ... an offense under ... [N.J.S.A.] 2C:35-7, ... [N.J.S.A.] 2C:35-4.1, or any crime for which there exists a presumption of imprisonment pursuant to subsection d. of N.J.S.[A.] 2C:44-1 or any other statute, or who has been previously convicted of an offense under subsection a. of N.J.S.[A.] 2C:35-5 or a similar offense under any other law of this State, any other state or the United States, shall not be eligible for sentence in accordance with this section if the prosecutor objects to the person being placed on special probation. The court shall not place a person on special probation over the prosecutor's objection except upon a finding by the court of a gross and patent abuse of prosecutorial discretion....
[(emphasis added).]
It is upon this provision that the Law Division relied when it considered the prosecutor's objections to defendant's admission into the program under a patent and gross abuse of discretion standard.
The manual anticipates that other defendants, not sentenced under N.J.S.A. 2C:35-14, may be eligible for drug court disposition. Specifically, the manual states: "[s]ubstance abusing non-violent offenders who are not subject to N.J.S.A. 2C:35-14 are also eligible for drug court disposition under the general sentencing provisions of the Code of Criminal Justice [N.J.S.A. 2C:45-1]. This includes both prison-bound and non-prison bound offenders." This language in the manual is the focal point of defendant's argument that he should have been placed in a drug court program. He claims the manual authorizes a court to sentence a defendant to a drug court program under N.J.S.A. 2C:45-1 as well as under N.J.S.A. 2C:35-14; and, because his convictions were for offenses that do not carry a presumption of incarceration, he should have been sentenced under the former statute rather than the latter. Had that occurred, while the prosecutor would still have had the right to object to his admission into a drug court program, the court would not have been required to consider the prosecutor's objections under a patent and gross abuse of discretion standard.
N.J.S.A. 2C:45-1, effective September 1979, see L. 1978, c. 95, is the successor to N.J.S.A. 2A:168-1, which authorized the court to suspend sentences and place defendants on probation. Both statutes provided the court with the authority to impose, as a condition of probation, institutional and outpatient treatment. See The New Jersey Penal Code, Volume II: Commentary, Final Report of New Jersey Criminal Law Revision Commission, October 1971, § 3c; see also State v. Davis, 68 N.J. 69, 84, 342 A.2d 841 (1975) (methadone treatment program for drug addicts authorized by N.J.S.A. 2A:168-1 and R. 3:21-10(a)); State v. Reyes, 207 N.J.Super. 126, 141, 504 A.2d 43 (App.Div.) (drug program a permissible condition of probation pursuant to N.J.S.A. 2C:45-1), certif. denied, 103 N.J. 499, 511 A.2d 671 (1986); N.J.S.A. 2C:45-1b(3) (as a condition of probation, court may order a defendant to "undergo available medical or psychiatric treatment and to enter and remain in a specified institution").
*1054 For purposes of ordering a defendant into a drug court program, two notable differences exist between a sentence under N.J.S.A. 2C:35-14 and N.J.S.A. 2C:45-1. First, the former statute renders ineligible for the program defendants who have been convicted of the offenses listed in N.J.S.A. 2C:35-14a and b. Subject to the statutory limitations on probation for persons convicted of crimes of the first and second degree, see N.J.S.A. 2C:44-1d, that is not the case with a sentence under N.J.S.A. 2C:45-1. Second, N.J.S.A. 2C:35-14c establishes conditions under which a prosecutor's objections to a defendant entering a drug program are subject to a patent and gross abuse of discretion standard. This standard is not applicable should a defendant be sentenced to a drug program under N.J.S.A. 2C:45-1.
Here, the prosecutor objected to defendant's admission into the drug court program based upon his prior convictions for violations of N.J.S.A. 2C:35-7, which the judge found to be similar to offenses under N.J.S.A. 2C:35-5; these convictions triggered N.J.S.A. 2C:35-14c to make the prosecutor's objections subject to a patent and gross abuse of discretion standard. The judge then determined that the prosecutor's objections were not a patent and gross abuse of discretion, and consequently denied defendant admission into the drug court program.
On appeal, defendant does not challenge the Law Division's conclusion that the prosecutor's objections were not a patent and gross abuse of discretion, but instead, he challenges the court's use of the criteria in N.J.S.A. 2C:35-14 to determine whether he was eligible for a drug court program. Defendant suggests that the judge may, in his or her discretion, decide which statute to use. The State, on the other hand, argues that N.J.S.A. 2C:35-14 is the controlling statute, and that in every instance a defendant may only be admitted into the drug court program over the State's objections upon a showing of a patent and gross abuse of discretion. We reject both positions.
We do not read the two statutes as mutually exclusive, but rather read them together to harmonize their intent and language. See State ex rel. G.C., 179 N.J. 475, 481-82, 846 A.2d 1222 (2004) ("[w]hen reviewing related statutory provisions we generally consider them in pari materia, harmonizing their meaning with the Legislature's intent"). On the one hand, N.J.S.A. 2C:45-1 is a general statute; it provides the court with the authority to impose a variety of conditions on probation. On the other hand, N.J.S.A. 2C:35-14 is specific, in that it provides for the imposition of a sentence of special probation only under certain circumstances. When faced with a statute that
deals with a subject in general terms, and another deals with a part of the same subject in a more detailed way, the two should be harmonized if possible; but if there is any conflict, the latter will prevail, ... unless it appears that the legislature intended to make the general act controlling.
[Lewis v. Bd. of Trs., 366 N.J.Super. 411, 417, 841 A.2d 483 (App.Div.) (quoting 2A Norman J. Singer, Sutherland Statutory Construction 51:05 (6th ed., 2000)), certif. denied, 180 N.J. 357, 851 A.2d 650 (2004).]
It follows then, when the express conditions enumerated in N.J.S.A. 2C:35-14  the specific statute  are extant, admission into special probation, i.e., a drug court program, is governed by N.J.S.A. 2C:35-14. It is only when a defendant is not precluded from a drug court program by the restrictions in N.J.S.A. 2C:35-14a and b, and the prosecutor does not have the right to object under the patent and gross *1055 abuse of discretion standard under subsection c, that admission into a drug treatment program under N.J.S.A. 2C:45-1b(3) may be appropriate.
Looking first to the requirements of N.J.S.A. 2C:35-14 is given further support by the plain language of subsection a of the statute. It provides that a person sentenced to special probation under its terms must also comply with conditions required by the court "pursuant to N.J.S.[A.] 2C:45-1." The clear implication being that the court must first consider N.J.S.A. 2C:35-14  and if sentencing is appropriate under that statute, the court then looks to N.J.S.A. 2C:45-1 to determine if any additional conditions of probation may apply.
Nevertheless, circumstances may exist that allow a sentence into a drug court program exclusively under N.J.S.A. 2C:45-1. For example, if here, defendant simply had the burglary and theft convictions, which do not per se disqualify him from drug court under N.J.S.A. 2C:35-14a or b, and he did not have his prior convictions for offenses similar to N.J.S.A. 2C:35-5, the judge could have opted to sentence defendant under N.J.S.A. 2C:45-1, because it was only defendant's prior convictions that gave the prosecutor the right to object under the patent and gross abuse of discretion standard. But, because defendant does have those prior convictions, to allow a sentence under N.J.S.A. 2C:45-1b(3) would be contrary to the legislative intent of N.J.S.A. 2C:35-14c, rendering it essentially meaningless, a result to be avoided. See State v. Sisler, 177 N.J. 199, 214, 827 A.2d 274 (2003). In short, while not all admissions to a drug court program necessarily take place under N.J.S.A. 2C:35-14, if a defendant is barred from participation in a drug court program by that statute, or the prosecutor has a right to object under subsection c of its provisions, the court cannot override those legislative directives simply by proclaiming that a defendant be sentenced under N.J.S.A. 2C:45-1.
Defendant argues the manual gives the court the right to sentence a defendant under either statute; that, in effect, the court can disregard the constraints in N.J.S.A. 2C:35-14, and impose a condition that may include a drug court program exclusively under N.J.S.A. 2C:45-1b(3). We disagree. By its own terms, the manual is a procedural tool for operational guidance for New Jersey judiciary staff. The manual does not, either explicitly or implicitly, give a sentencing judge the authority to disregard the constraints in N.J.S.A. 2C:35-14. Cf. State v. Bausch, 83 N.J. 425, 433, 416 A.2d 833 (1980) (while courts have inherent power to provide for probation, judiciary "has no power to create a penalty for a statutory crime where none exists ... to mete out a punishment in excess of that prescribed by the Legislature... or to lessen or reduce a sentence where the Legislature has provided a mandatory penalty").
In sum, defendant's convictions for offenses similar to N.J.S.A. 2C:35-5 triggered the prosecutor's right to object to defendant's admission into the program. We affirm the Law Division's order that the prosecutor's objections to defendant's admission into a drug program were not a patent and gross abuse of discretion for the reasons expressed by the Law Division judge in his written opinion.
Finally, we turn to defendant's argument that his sentence exceeded that for which he bargained in his plea agreement. We are not persuaded.
"A guilty plea may be accepted as part of a plea bargain when the court is assured that the defendant enters into the plea knowingly, intelligently and voluntarily." State v. Johnson, 182 N.J. 232, 236, 864 *1056 A.2d 400 (2005) (citing R. 3:9-2). To ensure a plea complies with the requirements of Rule 3:9-2, the court "at a minimum,... must ensure that the defendant is made fully aware of [the] consequences [that flow from the plea] that are `direct' or `penal.'" Ibid. (quoting State v. Howard, 110 N.J. 113, 122, 539 A.2d 1203 (1988)). A judge must advise a defendant of the maximum custodial sentence and fine imposable before the requirements of Rule 3:9-2 are satisfied. State v. Kovack, 91 N.J. 476, 481-82, 453 A.2d 521 (1982) (internal quotations omitted).
Here, defendant was aware of the consequences that could flow from his negotiated plea. His plea form states: "Your total exposure as the result of this plea is: TOTAL: 30yrs." It also states that the "State will leave sentence to Court's discretion.... State will seek consecutive time on 2 counts." The form indicates that defendant acknowledged: (1) the sentencing judge was "not bound by any promises or recommendations of the prosecutor" and could "impose a more severe sentence;" and (2) defendant could "take back [his] plea" if the sentencing judge imposed "a more severe sentence than recommended by the prosecutor."
At the plea hearing, defendant testified under oath that he reviewed the plea agreement with his attorney. He acknowledged the sentencing judge's statement that the maximum penalty for each of the six counts to which he was pleading was "five years in prison and a $15,000 fine." The judge also explained: "[I]t's inferred [the State] ha[s] no objection to the counts being run concurrent, but they may seek consecutive sentences with regard to at least two of the counts." (emphasis added). Defendant said he understood. He acknowledged that sentencing was within the court's discretion and that the judge could have imposed the maximum term of incarceration along with a period of parole ineligibility. Following an exchange with the court in which the above consequences were discussed, defendant freely and voluntarily pleaded guilty to the six counts specified on the plea agreement form.
Affirmed.