227 N.J. Super. 245 (1988)
546 A.2d 578
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
EDWIN ANTONIO PINEDA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted August 1, 1988.
Decided August 18, 1988.
*246 Before Judges BRODY and MUIR, Jr.
G. Dallas Dixon, attorney for appellant (Gerald J. Council, of counsel and on the letter brief).
W. Cary Edwards, Attorney General, attorney for respondent (Julie Davidson, Deputy Attorney General, of counsel and on the letter brief).
The opinion of the court was delivered by BRODY, J.A.D.
*247 Defendant pled guilty to third-degree death by auto. N.J.S.A. 2C:11-5. The trial judge found that he had been operating a motor vehicle while under the influence of intoxicating liquor when the accident occurred. That finding invoked the provision of N.J.S.A. 2C:11-5b (the statute) that "any sentence imposed under this section shall include either a fixed minimum term of 270 days' imprisonment, during which the defendant shall be ineligible for parole, or a requirement that the defendant perform a community related service for a minimum of 270 days." The judge imposed a prison term of 4 years, the presumptive term for a third-degree crime, with 270 days of parole ineligibility. Defendant contends that the sentence did not conform to statutory guidelines and is excessive.[1] We agree that the trial judge did not follow statutory sentencing guidelines, and we outline the proper approach when imposing a sentence under the statute.
The trial judge evaluated the sentencing factors as follows:
I do find that the mitigating circumstance, the fact that you've had no prior criminal record, and I do find that the character and attitude indicate that you are unlikely to commit another offense, and that you could possibly respond affirmatively to probationary treatment. But, that mitigating circumstance is not sufficient to outweigh in this case the fact that there was the death of the victim. I can't agree that imprisonment would entail excessive hardship on you or your dependents, based on the information in front of me. And I do find that there was a willingness on your part to cooperate with the authorities. But those mitigating circumstances that I do find, and I agree with [defendant's attorney] on, again are not sufficient to overcome the basic aggravating circumstance in this case, the fact that there is a death. And that's the reason for the sentencing, and of course, as I say, I found that you were under the influence, and that is the reason for the minimum parole date.
The trial judge's determinative emphasis on the fact that defendant's reckless conduct resulted in a death was misplaced. *248 All defendants being sentenced for death by auto caused a death by the reckless operation of their vehicle. N.J.S.A. 2C:11-5. Where, as here, the victim's death is an element of the crime, his death may not be used as an aggravating factor when imposing sentence. State v. Pavin, 202 N.J. Super. 255, 266 (App.Div. 1985). We must therefore remand for resentencing.
We offer trial judges guidance when sentencing under N.J.S.A. 2C:11-5b because the statute, read literally, requires sentencing judges to choose without guidance between a mandated minimum term of 270 days' imprisonment without parole or 270 days' community related service. The statute provides:
Death by auto is a crime of the third degree and, notwithstanding the provisions of 2C:43-2, the court may not suspend the imposition of sentence on any defendant convicted under this section, who was operating the vehicle under the influence of an intoxicating liquor, narcotic, hallucinogenic or habit-producing drug, and any sentence imposed under this section shall include either a fixed minimum term of 270 days' imprisonment, during which the defendant shall be ineligible for parole, or a requirement that the defendant perform a community related service for a minimum of 270 days.
We do not believe that the Legislature intended that judges must choose between such disparate minimum sentences.
One of the Legislature's major concerns in enacting Title 2C was to bring about a greater uniformity in sentencing. State v. Roth, 95 N.J. 334, 361 (1984). That goal is to be attained through application of the general sentencing strictures and guidelines found in Subtitle 3, the sentencing subtitle of the Code. N.J.S.A. 2C:43-1 to N.J.S.A. 2C:51-3. The general rule is that unless "... otherwise provided by this code, all persons convicted of an offense or offenses shall be sentenced in accordance with this chapter." N.J.S.A. 2C:43-2a.
Applying that mandate to sentences imposed under N.J.S.A. 2C:11-5b requires the judge to arrive at the sentence in two steps. The judge must first determine a tentative sentence that comports with the strictures and guidelines that the Code establishes for a third-degree crime. That tentative sentence *249 must then be modified if a modification is necessary to comply with the special requirements of N.J.S.A. 2C:11-5b.
Thus if the judge tentatively decides, without regard for the statute, that a suspended sentence would be appropriate under the general guidelines of the Code, the judge must raise the sentence to a probationary term conditioned upon community related service of 270 days, because that is the minimum mandatory sentence required by the statute. On the other hand, if the judge tentatively decides, without regard for the statute, that a prison term within the 3 to 5 years range for a third-degree crime would be appropriate, the judge need not modify the sentence because it conforms to the requirements of the statute.[2]
However, where the judge tentatively decides, without regard for the statute, that probation conditioned upon a term of imprisonment of less than 270 days would be appropriate, the statute appears to mandate that the judge "either" impose a minimum of 270 days' imprisonment without parole eligibility "or" require a minimum of 270 days' community related service. We reject that literal reading in cases where the sentencing judge would be compelled thereby to choose without guidelines between a sentence that will be either more severe or less severe than that required by the general guidelines of the Code. Such a result is not only absurd but is contrary to the Code's central concern for sentencing uniformity.
An absurd result must be avoided in interpreting a statute. Marranca v. Harbo, 41 N.J. 569, 574 (1964). When interpreting a section of a statute, "primary regard must be given to the fundamental purpose" of the underlying legislation. N.J. Builders, Owners & Managers Ass'n v. Blair, 60 N.J. 330, 338-339 (1972). A court's task is to harmonize the section with *250 the purpose of the whole. See Brown v. Brown, 86 N.J. 565, 576-577 (1981).
An underlying purpose of the sentencing provisions of the Code is uniformity. That purpose is not served by compelling a judge sentencing under N.J.S.A. 2C:11-5b to choose without guidelines between a significantly greater or a significantly lesser sentence than that required by the general sentencing guidelines of the Code.
The statute can be harmonized with the Code's purpose of uniform sentencing by interpreting it to mean that the sentencing judge must deprive a defendant of his liberty for at least 270 days by imprisonment without parole, community related service or a split sentence combining the two. The availability of that kind of split sentence is consistent with the general sentencing guidelines found in N.J.S.A. 2C:45-1 pursuant to which a judge may require both "the performance of community-related service" as a condition of probation, N.J.S.A. 2C:45-1b(13), and service of a "term of imprisonment not exceeding 364 days as an additional condition of its order [placing a person on probation]." N.J.S.A. 2C:45-1c.
Thus if the sentencing judge's tentative sentence is a term of probation conditioned upon imprisonment for 90 days, the statute does not compel the judge to choose between a sentence of either 270 days' imprisonment without parole or 270 days' community related service. The proper sentence in such a case would be a term of probation conditioned upon 90 days' imprisonment, raised by the statute to being served without parole, and an additional 180 days of community related service.
One final point. Defendant does not qualify for the presumption against imprisonment because he has previously been convicted of disorderly persons offenses. N.J.S.A. 2C:44-1e. That does not mean, as the State argues, that he is subject to a presumption of imprisonment. It simply means that no presumption, either of or against imprisonment, should *251 affect the trial judge's evaluation of the aggravating and mitigating factors.
The sentence is vacated and the matter remanded for resentencing.
NOTES
[1] In view of the issues presented, we transferred this matter to the regular calendar when it was before us on the calendar of the Excessive Sentence Oral Argument Program. See State v. Bianco, 103 N.J. 383, 389 n. 5 (1986).
[2] A defendant sentenced to prison is not eligible for parole until he has served "a full nine months of his aggregate sentence." N.J.S.A. 30:123.51g. Thus a defendant sentenced to prison necessarily serves the minimum 270 days required by the statute.