575 A.2d 855

STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. EDWIN
ANTONIO PINEDA, A/K/A FLACKO,
DEFENDANT-RESPONDENT.

Argued January 3, 1990—Decided June 25, 1990.

*Carol M. Henderson*, Deputy Attorney General, argued the cause for appellant (*Peter N. Perretti, Jr.*, Attorney General of New Jersey, attorney).

*Gerald J. Council* argued the cause for respondent (*Blackburn and Dixon*, attorneys).

The opinion of the Court was delivered by

POLLOCK, J.

Pursuant to a plea agreement, defendant, Edwin Antonio Pineda, pled guilty to death by auto, a third-degree crime. *N.J.S.A.* 2C:11–5b. The Law Division sentenced him to four years' imprisonment, with a 270–day parole disqualifier. On

defendant's appeal, the Appellate Division ruled that the sentence violated the legislative guidelines and remanded the matter for resentencing. 227 *N.J.Super.* 245, 546 *A.*2d 578 (1988). We affirm in part, reverse in part, and remand the matter to the Law Division.

−I−

In the early morning hours of January 19, 1986, defendant, an unlicensed driver, was involved in a car accident that caused the death of his passenger, George Santos. Defendant told police that before the accident he had been drinking with friends at various bars. The group then went to a private home, where they continued to drink. During the course of the evening, defendant consumed at least a quart of malt liquor and a pint of Southern Comfort.

Sometime after midnight, defendant realized that he had left his house keys in a friend's car and went with Santos to retrieve them. Accepting a dare from Santos, defendant took the car. The accident occurred when the car, while traveling at a high speed, struck a parked car.

After entering defendant's guilty plea, the trial court concluded that defendant had been under the influence of alcohol at the time of the accident and, therefore, was subject to the mandatory penalties of *N.J.S.A.* 2C:11–5b.

Because defendant had previously been convicted of disorderly-persons offenses, he was not entitled to the presumption against imprisonment applicable to first offenders. *N.J.S.A.* 2C:44–1e. Thus, the court did not apply a presumption either for or against imprisonment. *State v. Powell,* 218 *N.J.Super.* 444, 450–51, 528 *A.*2d 39 (App.Div.1987).

The trial court found as aggravating factors (1) the gravity and seriousness of harm inflicted on the victim, *N.J.S.A.* 2C:44–1a(2); (2) a lesser sentence would depreciate the seriousness of the offense, *N.J.S.A.* 2C:44–1a(4); and (3) the need for deterrence, *N.J.S.A.* 2C:44–1a(9). As mitigating factors, the court

found that (1) defendant had no criminal record, *N.J.S.A.* 2C:44–1b(7); (2) he was unlikely to commit another offense, *N.J.S.A.* 2C:44–1b(9); (3) he was particularly likely to respond positively to probationary treatment, *N.J.S.A.* 2C:44–1b(10); and (4) he had cooperated with law-enforcement authorities, *N.J.S.A.* 2C:44–1b(12). Concluding that the mitigating factors did not outweigh the aggravating factors and that a term of imprisonment was appropriate, the trial court imposed the four-year presumptive term applicable to third-degree offenses. *N.J.S.A.* 2C:44–1f(1)(d). The court also imposed a parole disqualifier of 270 days, as required by the death-by-auto statute, and a $500 Violent Crimes Compensation penalty.

The Appellate Division vacated defendant's sentence because the trial court had erred by considering as an aggravating factor the death of the victim, an element of the offense charged. 227 *N.J.Super.* at 248, 546 *A.*2d 578. The court then established guidelines for sentencing under the death-by-auto statute to address a perceived disparity in the minimum sentences mandated for drivers who cause the death of another while under the influence of alcohol or drugs. *Ibid.*

We granted the State's petition for certification. 114 *N.J.* 508, 555 *A.*2d 625 (1989).

–II–

Under the Code, defendants convicted of causing death by auto while under the influence of alcohol or drugs are subject to a mandatory minimum sentence of either 270 days' imprisonment without parole or 270 days' community service. *N.J.S.A.* 2C:11–5b provides:

> Death by auto is a crime of the third degree and, notwithstanding the provisions of 2C:43–2, the court may not suspend the imposition of sentence on any defendant convicted under this section, who was operating the vehicle under the influence of an intoxicating liquor, narcotic, hallucinogenic or habit-producing drug, and any sentence imposed under this section shall include either a fixed minimum term of 270 days' imprisonment, during which the defendant shall be ineligible for parole, or a requirement that the defendant perform a community related service for a minimum of 270 days.

The Appellate Division rejected the plain meaning of that language, stating it did not believe "that the Legislature intended that judges * * * choose between such disparate minimum sentences" as imprisonment or community service. 227 *N.J.Super.* at 248, 546 *A.*2d 578. Concluding that "[s]uch a result is not only absurd but is contrary to the Code's central concern for sentencing uniformity," *id.* at 249, 546 *A.*2d 578, the court interpreted the statute to require only that a defendant be deprived of his liberty for at least 270 days, whether "by imprisonment without parole, community related service or a split sentence combining the two," *id.* at 250, 546 *A.*2d 578. We disagree.

▮ The polestar of the Code's sentencing provisions is uniformity in sentencing. *State v. Hodge,* 95 *N.J.* 369, 375, 471 *A.*2d 389 (1984). To achieve that end, the Code channels the discretion of trial courts and focuses on "the gravity of the offense and not the blameworthiness of the offender." *State v. Roth,* 95 *N.J.* 334, 355, 471 *A.*2d 370 (1984); *see also State v. Jabbour,* 118 *N.J.* 1, 6, 570 *A.*2d 391 (1990) (noting that uniformity is achieved "by emphasizing the severity of the crime, rather than the defendant's capacity for rehabilitation"). The Code promotes uniformity through maximum and minimum sentences, *N.J.S.A.* 2C:43–6a and –6b; presumptive terms, *N.J.S.A.* 2C:44–1f(1); and specified aggravating and mitigating factors, *N.J.S.A.* 2C:44–1a and –1b. *See State v. Johnson,* 118 *N.J.* 10, 18, 570 *A.*2d 395 (1990). It also furthers the goal of uniformity by ensuring that defendants convicted of certain offenses receive comparable minimum terms. *See, e.g., N.J.S.A.* 2C:11–5b (death by auto); *N.J.S.A.* 2C:14–6 (second or subsequent conviction for sexual assault or aggravated criminal sexual contact); *N.J.S.A.* 2C:43–6c (Graves Act offenses); *N.J.S.A.* 2C:43–6f (certain violations of Controlled Dangerous Substances Act).

When the Legislature imposes minimum penalties for certain offenses, the judiciary must follow that mandate. *State v. Des*

*Marets,* 92 *N.J.* 62, 81, 455 *A.*2d 1074 (1983); *State v. Bausch,* 83 *N.J.* 425, 433, 416 *A.*2d 833 (1980); *State v. Fearick,* 69 *N.J.* 32, 38, 350 *A.*2d 227 (1976). The death-by-auto statute, *N.J.S.A.* 2C:11–5b, provides such a mandatory penalty, albeit one stated in the alternative. Under the statute, a court must impose a sentence of either imprisonment or community service. The statute does not permit a court to design a split term comprised of both forms of sentence. By directing the trial court that it could impose such a split sentence, the Appellate Division thus contravened the statutory guidelines.

Although the Appellate Division concluded that the intent of the Legislature could not have been to require sentencing judges under the death-by-auto statute to choose between the stated mandatory penalties, 227 *N.J.Super.* at 249, 546 *A.*2d 578, we find that the goal of uniformity would be better served by strict compliance with the words of the statute. Otherwise, trial courts would be free to design sentences that could vary widely. The multitude of possible combinations would hardly foster the goal of uniformity. Whatever merit lies in the argument that the disparate penalties contemplated by the statute are unjust, that is an issue for the Legislature, not the courts.

As the Appellate Division noted, to determine the appropriate sentence for death by auto under *N.J.S.A.* 2C:11–5b, a trial court must first decide "a tentative sentence" for a third-degree offense. 227 *N.J.Super.* at 248, 546 *A.*2d 578. Initially, the court must determine whether a jail term would be appropriate, keeping in mind the presumption against imprisonment for first offenders. *N.J.S.A.* 2C:44–1e. If the court decides on imprisonment, the ordinary term is three to five years, *N.J.S.A.* 2C:43–6a(3), with a presumptive term of four years, *N.J.S.A.* 2C:44–1f(1)(d). Once the court has established the appropriate penalty, it must modify that sentence, if necessary, to satisfy the death-by-auto statute. 227 *N.J.Super.* at 248–49, 546 *A.*2d 578.

If the court decides that a term of imprisonment is appropriate, it should impose a 270-day period of parole ineligibility. Even in the absence of such a parole disqualifier, the defendant shall not "become primarily eligible for parole until service of a full nine months of his aggregate sentence." *N.J.S.A.* 30:4-123.51g.

If, however, the court decides to impose a probationary term, then it must condition that term on a 270-day period of community service or of incarceration without parole eligibility. The court is not free, as the Appellate Division suggests, to satisfy the 270-day requirement by creating a "split sentence" and imposing a probationary term conditioned on fewer than 270 days' incarceration, as long as the 270 days is served by some combination of prison time and community service. 227 *N.J.Super.* at 250, 546 *A.*2d 578. To imprison a defendant convicted under *N.J.S.A.* 2C:11-5b to fewer than 270 days in jail, the court also must require at least 270 days' community service in order to satisfy the statute.

–III–

■■ The Appellate Division properly vacated defendant's sentence because the trial court considered the victim's death to be an aggravating factor. As the Appellate Division emphasized, all defendants convicted of death by auto will have caused a death. 227 *N.J.Super.* at 248, 546 *A.*2d 578. When the death of the victim is an element of the crime, it cannot be considered as an aggravating factor for sentencing purposes. *State v. Yarbough,* 100 *N.J.* 627, 633, 498 *A.*2d 1239 (1985), *cert. denied,* 475 *U.S.* 1014, 106 *S.Ct.* 1193, 89 *L.Ed.*2d 308 (1986); *State v. Pavin,* 202 *N.J.Super.* 255, 266-67, 494 *A.*2d 834 (App.Div.1985); *cf. State v. Travers,* 229 *N.J.Super.* 144, 154, 550 *A.*2d 1281 (App.Div.1988) (permitting consideration as an aggravating factor the number of deaths caused by a drunk driver). Although appellate courts may modify sentences only if the sentencing court was "clearly mistaken," *State v. Jar-*

*bath,* 114 *N.J.* 394, 401, 555 *A.*2d 559 (1989), they may review sentences to ensure that the sentencing guidelines were properly applied. *Ibid.* Consideration of an inappropriate aggravating factor violates the guidelines and thus is grounds for vacating sentence. *State v. O'Donnell,* 117 *N.J.* 210, 215, 564 *A.*2d 1202 (1989).

The judgment of the Appellate Division is affirmed in part, reversed in part, and the matter is remanded to the Law Division for resentencing.

*For affirmance in part, for reversal in part and for remandment*—Chief Justice WILENTZ and Justices HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—6.

*Opposed*—None.