# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0928-16T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

J.A.M.,

    Defendant-Appellant.

_____

> Submitted September 13, 2018 - Decided September 26, 2018
>
> Before Judges Koblitz and Mayer.
>
> On appeal from Superior Court of New Jersey, Law Division, Union County, Indictment No. 13-11-0950.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Daniel S. Rockoff, Assistant Deputy Public Defender, of counsel and on the brief).
>
> Michael A. Monahan, Acting Union County Prosecutor, attorney for respondent (Meredith L. Balo, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant J.A.M. appeals from the sentence imposed after his conviction for two counts of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(2); two counts of second-degree sexual assault, N.J.S.A. 2C:14-2(c)(1); two counts of second-degree sexual assault, N.J.S.A. 2C:14-2(c)(4); and two counts of second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a).[1] Defendant was convicted of sexually assaulting his two daughters repeatedly and was sentenced to thirty years with an eighty-five percent parole disqualifier pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2. Defendant also appeals from denial of his motion to suppress his statements to the police. We affirm the convictions, but vacate the sentence and remand for resentencing.

Defendant challenges the denial of his motion to suppress statements he gave to the police after the victims' mother reported that he was sexually abusing his daughters. Defendant contends he requested an attorney prior to police questioning and that his request was not honored.

Defendant's interview at the police station was conducted in Spanish by Detective Alfredo Beltran. The interview was videotaped and the questions and

---

[1]  The jury acquitted defendant of one count of second-degree sexual assault of a victim less than thirteen years old, N.J.S.A. 2C:14-2(b).

A-0928-16T3

responses were compiled in a written transcript, with the English translation immediately following the Spanish.

The judge hearing the suppression motion watched the videotaped interview of defendant. Before the interview began, the judge observed defendant was given a Miranda[2] rights form in Spanish and the detective read each right to him in Spanish. On the videotape, the judge saw defendant express that he understood his rights, place his initials after each warning, and sign his name at the bottom of the Miranda form prior to questioning. When defendant had difficulty understanding the detective's explanation of the Miranda form, the judge noted defendant read the form on his own and "continuously indicated that he understood his rights." Based on his observations from the videotape, the judge remarked the detective "informed the defendant that he had to understand his rights before any questions were asked," found defendant was not "hesitant about speaking to the officers," and did not "ask for an attorney to be provided."

The judge also read the transcript of defendant's interview translated into English. Based on the transcript, the judge determined defendant waived his rights knowingly, voluntarily, and intelligently before speaking with the police.

---

[2] Miranda v. Arizona, 384 U.S. 436 (1966).

A-0928-16T3

According to the transcript, while initialing the <u>Miranda</u> form, defendant asked (in Spanish) "the court can give me an attorney?"  The officer said "yes," and defendant replied "perfecto."  Defendant never expressed a desire to have an attorney present during the police questioning.  Defendant's consent to speak to the police and respond to questions was verified by a supervising officer, who asked defendant "you want to talk to us still or you want an attorney now."  Defendant responded "Oh, no, I already talked to you.  . . . . For me no problem I cooperate with you."

On appeal, defendant raises the following arguments:

Point I

BECAUSE INTERROGATORS FAILED TO SCRUPULOUSLY HONOR OR CLARIFY APPELLANT'S REQUEST FOR AN ATTORNEY, THE LOWER COURT ERRED BY ADMITTING APPELLANT'S SUBSEQUENT STATEMENT AT TRIAL.  U.S. CONST., AMENDS. V, XIV.

Point II

THE LOWER COURT MISAPPLIED SENTENCING PRINCIPLES WHEN IMPOSING AN AGGREGATE [THIRTY]-YEAR PRISON SENTENCE WITH AN [EIGHTY-FIVE] PERCENT PAROLE DISQUALIFIER.  HENCE THIS COURT SHOULD REMAND FOR A NEW SENTENCING HEARING.

A-0928-16T3

A. The Sentencing Court Erroneously Double-Counted Elements of N.J.S.A. 2C:14-2(a)(2) As Support For Aggravating Factors N.J.S.A. 2C:44-1(a)(1) and (2).

B. The Sentencing Court Erroneously Cited Acquitted Conduct As Support For Aggravating Factors N.J.S.A. 2C:44-(a)(1) and (2).

In reviewing a motion to suppress evidence, we defer to the factual and credibility findings of the trial court, "so long as those findings are supported by sufficient credible evidence in the record." State v. Handy, 206 N.J. 39, 44 (2011) (quoting State v. Elders, 192 N.J. 224, 243 (2007)). "[A]n appellate tribunal must defer to the factual findings of the trial court when that court has made its findings based on the testimonial and documentary evidence presented at an evidentiary hearing or trial." State v. Hubbard, 222 N.J. 249, 269 (2015). We accord deference to the trial court "because the 'findings of the trial judge . . . are substantially influenced by his opportunity to hear and see the witnesses and to have the "feel" of the case, which a reviewing court cannot enjoy.'" State v. Reece, 222 N.J. 154, 166 (2015) (alteration in original) (quoting State v. Locurto, 157 N.J. 463, 471 (1999)).

On appeal, defendant argues his question to Detective Beltran was a request for counsel, and the detective was required to stop the interrogation.

A-0928-16T3

According to defendant, at a minimum, the detective should have sought a clarification from defendant as to his request for an attorney.

The State responds defendant's question regarding the appointment of an attorney was not an invocation of the right to counsel. According to the State, defendant never expressed that he wanted an attorney during the police questioning. The State notes the detective's supervising sergeant spoke to defendant regarding invocation of a request for a lawyer. Defendant responded that he wanted to talk to a lawyer before any court appearance, but did not need a lawyer before signing the Miranda form.

In reviewing a waiver of a defendant's Miranda rights, the State "must 'prove beyond a reasonable doubt that the . . . waiver [of rights] was knowing, intelligent, and voluntary.'" State v. A.M. 452 N.J. Super. 587, 596 (App. Div. 2018) (second alteration in original) (quoting State v. Yohnnson, 204 N.J. 43, 59 (2010)). A court reviews a Miranda waiver under the "totality of the circumstances." State v. Nyhammer, 197 N.J. 383, 402 (2009).

During the hearing on defendant's motion, the trial judge viewed the videotaped statement and read the English translation of defendant's statement. The judge found defendant read, understood, and signed a form waiving his

A-0928-16T3

Miranda rights. The judge concluded defendant's statements were voluntary and did not violate his Miranda rights.

Having reviewed the record, we conclude the judge's denial of defendant's motion to suppress his statement was based upon sufficient, credible evidence. After considering the evidence, specifically, defendant's videotaped interview and accompanying English translation of the interview, the judge properly found defendant knowingly, voluntarily, and intelligently waived his rights, including the right to counsel.

We next consider defendant's request for a remand for resentencing. Defendant argues the matter should be remanded for resentencing because the sentencing judge erroneously double-counted elements related to aggravating factors one and two. N.J.S.A. 2C:44-1(a)(1) to (2). In addition, defendant challenges the judge's reliance on acquitted conduct in support of the same aggravating factors in sentencing.

We review a trial judge's sentencing determination "'under a deferential standard of review.'" State v. Grate, 220 N.J. 317, 337 (2015) (quoting State v. Lawless, 214 N.J. 594, 606 (2013)). We will affirm a sentence "'as long as the trial court properly identifies and balances aggravating and mitigating factors that are supported by competent credible evidence in the record.'" Ibid.

A-0928-16T3

However, "established elements of a crime for which a defendant is being sentenced should not be considered as aggravating circumstances in determining that sentence." State v. Kromphold, 162 N.J. 345, 353 (2000). In addition, "[t]he sentencing court must not only ensure that facts necessary to establish that elements of the defendant's offense are not double-counted for purposes of sentencing," but the court's analysis must be "clearly explained so that an appellate court may be certain that the sentencing court has refrained from double-counting the elements of the offense." State v. Fuentes, 217 N.J. 57, 76 (2014).

In this case, the blood relationship between victims and defendant is an element of the crime of aggravated sexual assault. N.J.S.A. 2C:14-2(a). Similarly, another established element of aggravated sexual assault is that the victim was "at least [thirteen] years old but less than [sixteen] years old." N.J.S.A. 2C:14-2(a)(2). Clearly, the ages of the victims and their relationship to defendant were elements of the offenses for which defendant was convicted. Although the judge stated several times he was not double-counting, the judge did not adequately explain the factual basis for his finding of aggravating factors one and two. Therefore, we are unable to determine if the judge engaged in impermissible double-counting of the factors.

A-0928-16T3

Moreover, defendant was acquitted on the charge of sexual assault of a victim less than thirteen years old. N.J.S.A. 2C:14-2(b). However, in his finding of aggravating factors one and two, the judge stated more than once that one daughter was approximately eleven years old when defendant committed the sexual assaults. While the judge may have believed the jury's acquittal of defendant on certain counts was flawed, the judge may not include conduct for which defendant was acquitted as part of his consideration in sentencing. State v. Pineda, 119 N.J. 621, 628 (1990) (remanding for resentencing if a trial court considers an aggravating factor that is inappropriate to a particular defendant or to the offense at issue).

Based on the foregoing, we remand to the sentencing court to determine defendant's sentence anew, giving "full consideration to all relevant evidence and all relevant sentencing factors as of the day defendant stands before the court." State v. Case, 220 N.J. 49, 70 (2014) (citing State v. Randolph, 210 N.J. 330, 354 (2012)). We imply no view as to the appropriate sentence to be imposed on remand.

Affirmed as to defendant's conviction and denial of his motion to suppress; the sentence is vacated and remanded for resentencing. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0928-16T3