**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2905-18T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DESHAWN M. WORTHEY,

     Defendant-Appellant.

_____

Submitted January 13, 2020 – Decided April 2, 2020

Before Judges Messano and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 18-11-1907.

Law Offices of John J. Zarych, attorneys for appellant (Brenden T. Shur, on the brief).

Damon G. Tyner, Atlantic County Prosecutor, attorney for respondent (John Joseph Santoliquido, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant, Deshawn M. Worthy, appeals from the sentence imposed on his second-degree conviction for aggravated assault, N.J.S.A. 2C:12-1(b)(1). During a domestic altercation, defendant struck his girlfriend with sufficient force to break her arm. He pled guilty to aggravated assault and was sentenced in accordance with his plea agreement to a seven-year prison term, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

Defendant raises the following contention for our consideration:

> THE LOWER COURT ERRED IN FINDING AGGRAVATING FACTOR THREE BASED SOLELY ON AGGRATING FACTOR SIX AS SUCH A FINDING IN [SIC] TANTAMOUNT TO DOUBLE COUNTING

More specifically, defendant contends the trial court improperly considered his criminal history by using his record of adult offenses and juvenile adjudications of delinquency as the basis for finding both aggravating factor three, N.J.S.A. 2C:44-1(a)(3) (the risk defendant would commit another offense), and aggravating factor six, N.J.S.A. 2C:44-1(a)(6) (the extent of the defendant's criminal history). He claims that the sentencing court essentially used aggravating factor six as the basis for finding aggravating factor three and thus impermissibly "double counted" his criminal record.

2

We reject that contention. We have reviewed the record in view of the governing legal principles and conclude the sentencing court properly found and weighed the applicable aggravating factors. We therefore affirm the sentence.

I.

We begin our analysis by acknowledging the standard of review that governs this appeal. Sentencing determinations are entitled to deference. State v. Fuentes, 217 N.J. 57, 70 (2014). Appellate courts are not to substitute their judgment for the trial court's judgment simply because the appellate court would have reached a different result. State v. Lawless, 214 N.J. 594, 606 (2013).

> The appellate court must affirm the sentence unless (1) the sentencing guidelines were violated; (2) the aggravating and mitigating factors found by the sentencing court were not based upon competent and credible evidence in the record; or (3) "the application of the guidelines to the facts of [the] case makes the sentence clearly unreasonable so as to shock the judicial conscience."
>
> [Fuentes, 217 N.J. at 70 (alteration in original) (quoting State v. Roth, 95 N.J. 334, 364–65 (1984)).]

Furthermore, "[a] sentence imposed pursuant to a plea agreement is presumed to be reasonable because a defendant voluntarily '[waived] . . . his right to a trial in return for the reduction or dismissal of certain charges, recommendations as

A-2905-18T1

to sentence and the like.'"  Id. at 70–71 (alteration in original) (quoting State v.

Davis, 175 N.J. Super. 130, 140 (App. Div. 1980)).

## II.

In view of the narrow legal issue defendant raises on appeal, we focus our attention on his criminal history and the role his prior offenses played in determining his seven-year NERA sentence.  The sentencing court found that defendant had been arrested five times and had one Superior Court conviction for aggravated assault.  He also had a minor municipal court conviction.  The sentencing court noted that in addition to his adult record, as a juvenile, defendant had been taken into custody on four occasions and was adjudicated delinquent for aggravated assault and sexual assault.

Defendant argues for the first time on appeal that the sentencing court relied on his criminal history to support its finding of both aggravating factors three and six, which according to defendant is "tantamount to double counting." The prohibition against double counting generally arises when a court considers an element of the offense as an aggravating factor.  When the Legislature has already accounted for the nature and circumstances of the offense conduct in defining and grading the offense, a sentencing court may not consider those same circumstances as an aggravating factor.  See State v. Pineda, 119 N.J. 621,

627 (1990) (citations omitted) (precluding a sentencing court from considering as an aggravating factor the death of a victim when that fact is an element of the crime). See also State v. Yarbough, 100 N.J. 627, 633, 645–46 (1985) (remanding for resentencing because the court used certain facts that the Legislature used to establish the degree of the crime as aggravating factors).

That general principle is inapposite in this case. The gravamen of defendant's argument is not that the sentencing court considered a circumstance already accounted for by the Legislature.[1] Rather, defendant contends the Legislature meant to preclude a sentencing court from using a single factual circumstance to support more than one statutorily enumerated aggravating factor. We disagree with defendant's interpretation of the New Jersey Code of Criminal Justice.

The aggravating factors set forth in N.J.S.A. 2C:44-1(a) each address a different aspect of the sentencing equation. Aggravating factor three is based on a prediction of future conduct. It is axiomatic that a defendant's past conduct is relevant to that prediction. Indeed, absent a defendant's affirmative

---

[1] This is not a situation where a prior conviction was used both to support a finding of an aggravating factor under N.J.S.A. 2C:44-1(a) and to establish eligibility for an extended term pursuant to N.J.S.A. 2C:44-3(a) (persistent offender) or N.J.S.A. 2C:43-7.1 ("three strikes" law).

A-2905-18T1

declaration that he or she plans on committing future offenses, it is hard to imagine a more reliable way to assess the risk a defendant will commit a future offense than to extrapolate from his or her record of past offenses.

Aggravating factor six addresses a different sentencing consideration. This factor, along with the corresponding mitigating factor set forth in N.J.S.A. 2C:44-1(b)(7), acknowledges the common-sense principle that defendants who are not first offenders justly deserve greater punishment than defendants who have led a law-abiding life. As a general matter, and putting other relevant circumstances aside, defendants with an extensive history of serious past crimes deserve greater punishment than defendants with less serious offense histories. Furthermore, this aggravating factor, in contrast to aggravating factor three, does not depend upon a prediction of future conduct. Rather, it allows for greater punishment based solely on a defendant's past conduct, considering not only the number of prior convictions and adjudications of delinquency but also the severity of those crimes.

The gist of defendant's contention on appeal is that the sentencing court improperly relied upon the same set of facts—his criminal record—as the basis for finding that these two distinct aggravating factors apply. Sentencing courts are not precluded from relying on a single fact to establish two distinct

6

aggravating factors so long as the court qualitatively weighs each factor and does not merely add up the absolute number of factors that are found.  It is well-settled in this regard that under the sentencing framework of the New Jersey Code of Criminal Justice, sentencing decisions are based on a qualitative rather than quantitative analytical process.  State v. L.V., 410 N.J. Super. 90, 108 (App. Div. 2009) (citing State v. Kruse, 105 N.J. 354, 363 (1987)).  Indeed, it would be inappropriate if a sentencing court were to find that the aggravating factors substantially outweigh the mitigating factors solely because, for example, two aggravating factors apply and only one mitigating factor applies.  See State v. Denmon, 347 N.J. Super. 457, 467–68 (App. Div. 2002) ("Our sentencing statute contemplates a thoughtful weighing of the aggravating and mitigating factors, not a mere counting of one against the other." (citing State v. Scher, 278 N.J. Super. 249, 273 (App. Div. 1994))).

Accordingly, we hold that a sentencing court may use a defendant's criminal history to establish both aggravating factors three and six provided the ultimate sentencing decision is based on a qualitative assessment of the value

A-2905-18T1

ascribed to these two aggravating factors and not just on the fact that two aggravating factors were found rather than one.[2]

In this instance, the record clearly shows that the sentencing court ascribed weight to each of the applicable aggravating factors. Specifically, the sentencing judge found with respect to aggravating factor three that, "[t]his [criminal] history convinces the Court that defendant is likely to recidivate. The Court weighs aggravating factor three as moderate." With respect to aggravating factor six, the sentencing court found: "Aggravating factor six is present due to the seriousness and extent of prior convictions and serious adjudications [of delinquency] as enumerated previously. The Court gives this moderate weight." The sentencing court likewise accorded "moderate" weight to aggravating factor nine (the need to deter defendant and others). The court further found that no mitigating factors apply and thus concluded that the aggravating factors substantially outweighed the non-existent mitigating factors.

## III.

In sum, the trial court considered the facts adduced during the plea colloquy, the presentence investigation report, the impact statement provided by

---

[2] The sentencing court also found and ascribed weight to aggravating factor nine, N.J.S.A. 2C:44-1(a)(9) (the need to deter defendant and others from violating the law).

the victim, defendant's personal allocution, and the arguments of counsel before finding aggravating factors three, six, and nine. The sentencing court made findings with respect to the weight to ascribe to each of these aggravating factors. The sentencing court properly exercised its discretion in finding that these aggravating factors apply and in concluding, ultimately, their combined effect substantially outweighs the mitigating factors. We thus conclude the sentencing court acted well within its discretion when it imposed the maximum sentence authorized by the plea agreement. See Fuentes, 217 N.J. at 70–71 ("A sentence imposed pursuant to a plea agreement is presumed reasonable . . . .").

To the extent we have not addressed them, any other arguments raised by defendant lack sufficient merit to warrant discussion in this opinion. Rule 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2905-18T1