**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3653-18T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

FRANCES H. LESZCZYNSKI,

    Defendant-Appellant.

_____

Submitted June 1, 2020 – Decided October 5, 2020

Before Judges Messano and Susswein.

On appeal before the Superior Court of New Jersey, Law Division, Cape May County, Indictment No. 18-08-0606.

Joseph E. Krakora, Public Defender, attorney for appellant (Michele E. Friedman, Assistant Deputy Public Defender, of counsel and on the brief).

Jeffrey H. Sutherland, Prosecutor, Cape May County, attorney for respondent (Gretchen A. Pickering, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant, Frances H. Leszcynski, appeals from a trial court order denying her admission to Pre-Trial Intervention (PTI). Defendant was charged with the fourth-degree crime of operating a vehicle during a period of license suspension for a second driving under the influence (DUI) conviction, N.J.S.A. 2C:40-26(b). The State objected to defendant's application to PTI, setting forth its reasons in a nine-page letter.

After hearing oral argument, the trial court denied defendant's motion to compel admission. The court found that the prosecutor had reviewed all relevant and appropriate factors and that the decision to object to defendant's admission was not a patent and gross abuse of prosecutorial discretion.

Defendant thereafter pleaded guilty, reserving the right to appeal denial of PTI. She was sentenced to 180 days in county jail and ordered to pay all applicable fines and penalties. We have carefully reviewed the record in view of the governing legal principles and affirm the trial court's order denying admission to PTI.

I.

The facts pertaining to the offense are not disputed and need only be briefly summarized. On April 15, 2018, defendant was lawfully stopped by a police officer who discovered her license was suspended for a second DUI

conviction.  Defendant had been convicted of DUI on January 10, 2018, and August 2, 2016.  Defendant also has been convicted of refusing to submit to breath testing, N.J.S.A. 39:4-50.4a, on June 6, 2013.

Defendant raises the following contentions for our consideration:

> THE PROSECUTOR'S REJECTION OF MS. LESZCZYNSKI'S PTI APPLICATION CONSTITUTES A PATENT AND GROSS ABUSE OF DISCRETION.
>
> A. THE PROSECUTOR'S REFUSAL TO ADMIT MS. LESZCZYNSKI INTO PTI RESULTED FROM A MISAPPLICATION OF THE PTI FACTORS, WHICH STEMMED FROM AN OVEREMPHASIS OF THE OFFENSE, RATHER THAN HER INDIVIDUALIZED APPLICATION.
>
> B. THE PROSECUTOR'S DECISION AMOUNTS TO AN IMPERMISSIBLE PER SE RULE EXCLUDING ALL INDIVIDUALS CHARGED WITH VIOLATING N.J.S.A. 2C:40-26 WITH ELIGIBILITY FOR PTI.

II.

We begin our analysis by acknowledging the legal principles that govern judicial review of a prosecutor's PTI decision.  Those principles were recently summarized by our Supreme Court in State v. Johnson, 238 N.J. 119 (2019). "PTI is a 'diversionary program through which certain offenders are able to

3

avoid criminal prosecution by receiving early rehabilitative services expected to deter future criminal behavior.'" Id. at 127 (quoting State v. Roseman, 221 N.J. 611, 621 (2015)). As the Court explained:

> "PTI is essentially an extension of the charging decision, therefore the decision to grant or deny PTI is a 'quintessentially prosecutorial function.'" "As a result, the prosecutor's decision to accept or reject a defendant's PTI application is entitled to a great deal of deference." A court reviewing a prosecutor's decision to deny PTI may overturn that decision only if the defendant "clearly and convincingly" establishes the decision was a "patent and gross abuse of discretion."
>
> [Id. at 128–29 (citations omitted).]

The contours of the abuse of discretion standard are well-defined, as is the heightened requirement that such an abuse of discretion be patent and gross.

> Ordinarily, an abuse of discretion will be manifest if defendant can show that a prosecutorial veto (a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgment. In order for such an abuse of discretion to rise to the level of "patent and gross," it must further be shown that the prosecutorial error complained of will clearly subvert the goals underlying Pretrial Intervention.
>
> [Id. at 129.]

4

The prosecutor's exercise of discretion is guided by criteria set forth by the Legislature. If a prosecutor elects to deny a PTI application, the prosecutor must provide a statement of reasons explaining the basis for that decision. N.J.S.A. 2C:43-12(c). The statement of reasons must consider the following enumerated factors:

(1) The nature of the offense;

(2) The facts of the case;

(3) The motivation and age of the defendant;

(4) The desire of the complainant or victim to forego prosecution;

(5) The existence of personal problems and character traits which may be related to the applicant's crime and for which services are unavailable within the criminal justice system, or which may be provided more effectively through supervisory treatment and the probability that the causes of criminal behavior can be controlled by proper treatment;

(6) The likelihood that the applicant's crime is related to a condition or situation that would be conducive to change through his participation in supervisory treatment;

(7) The needs and interests of the victim and society;

(8) The extent to which the applicant's crime constitutes part of a continuing pattern of anti-social behavior;

5

(9) The applicant's record of criminal and penal violations and the extent to which he may present a substantial danger to others;

(10) Whether or not the crime is of an assaultive or violent nature, whether in the criminal act itself or in the possible injurious consequences of such behavior;

(11) Consideration of whether or not prosecution would exacerbate the social problem that led to the applicant's criminal act;

(12) The history of the use of physical violence toward others;

(13) Any involvement of the applicant with organized crime;

(14) Whether or not the crime is of such a nature that the value of supervisory treatment would be outweighed by the public need for prosecution;

(15) Whether or not the applicant's involvement with other people in the crime charged or in other crime is such that the interest of the State would be best served by processing his case through traditional criminal justice system procedures;

(16) Whether or not the applicant's participation in pretrial intervention will adversely affect the prosecution of codefendants; and

(17) Whether or not the harm done to society by abandoning criminal prosecution would outweigh the benefits to society from channeling an offender into a supervisory treatment program.

[N.J.S.A. 2C:43-12(e)(1) to (17).]

The prosecutor's statement of reasons, moreover, "must demonstrate that the prosecutor has carefully considered the facts in light of the relevant law." State v. Wallace, 146 N.J. 576, 584 (1996). It is not sufficient for the prosecutor merely to "parrot[] the statutory language, and present[] bare assertions regarding [the defendant's] amenability to PTI." Roseman, 221 N.J. at 627.

## III.

We next apply these legal principles to the case before us. We begin by making a few general observations. There is no mathematical formula that guides the exercise of prosecutorial discretion. The weighing of the PTI factors militating for and against PTI is a qualitative process incapable of empirical quantification. The decision is not made simply by comparing the number of factors favoring admission against the number of factors militating against admission. Rather, the prosecutor must ascribe weight to the relevant factors and balance them accordingly.

We agree with the trial court that, in this instance, the prosecutor considered all the statutorily enumerated factors. The prosecutor's statement of reasons, moreover, does not merely parrot them. Rather, it reflects a

A-3653-18T1

thoughtful balancing of the circumstances pertaining to the offense and offender that militate for and against diversion of prosecution.

Defendant argues the prosecutor's objection "stems from an overemphasis of the charged N.J.S.A. 2C:40-26 offense and its underlying elements" rather than on defendant's individual suitability for PTI. We disagree. The prosecutor indeed placed significant emphasis on the need for deterrence and the risk to public safety. That assessment was made in view of defendant's troubling record of driving offenses and her decision to continue to drive in the face of the court-ordered suspension of her driving privileges. Importantly, although the State placed significant weight on the offense-oriented PTI factors, the prosecutor did not disregard defendant's personal history, which includes her driving record as well as mitigating circumstances.

Defendant contends the State's emphasis on the nature of the offense is "an implicit application of the per se bar to PTI admission for all individuals charged with violating N.J.S.A. 2C:40-26." We reject defendant's characterization of the prosecutor's reasoning. The record clearly shows the prosecutor did not categorically deny PTI based on the seriousness of the crime. See State v. Caliguiri, 158 N.J. 28, 39 (1999) ("The nature of the PTI program suggests that categorical rejections must be disfavored."), superseded

by statute, N.J.S.A. 2C:35-7(b), as recognized in Johnson, 238 N.J. at 123. Rather, the prosecutor concluded ultimately that the applicable offense-oriented PTI factors outweighed the offender-oriented factors that militated in her favor.

We also reject defendant's contention her prior DUI convictions "should have been of no moment in the prosecutor's PTI analysis."[1] Defendant argues that because two prior DUI convictions are required to prove a violation of N.J.S.A. 2C:40-26(b), the prosecutor's consideration of her prior DUI convictions "was akin to impermissible double-counting in the context of sentencing." See State v. Pineda, 119 N.J. 621, 627 (1990) (holding when the death of the victim is an element of the crime, it cannot be considered as an aggravating factor for sentencing purposes); see also State v. Vasquez, 374 N.J. Super. 252, 267 (App. Div. 2005) (holding it was improper for sentencing court to consider defendant's prior conviction in setting the term within the extended term range when that conviction was the basis for imposing an extended term). Defendant cites no authority, however, for the proposition that a prosecutor may not consider a material element of the charged crime when evaluating the statutory PTI factors. There is no precedent, in other

---

[1] We note that defendant had prior motor vehicle convictions in addition to the two DUI convictions required under N.J.S.A. 2C:40-26.

words, for extending the double counting principle to PTI decisions as defendant now proposes.

We note the double counting prohibition arises in the context of sentencing because the Legislature has already accounted for the material elements of a crime in defining the offense and designating its gradation. The degree of the crime, in turn, dictates the sentencing outcome by prescribing, for example, the range of authorized sentences and whether there is a presumption of imprisonment or of non-incarceration. See N.J.S.A. 2C:43-6(a) (specifying the range of ordinary terms based on degree of crime); N.J.S.A. 2C:44-1(d) (establishing a presumption of imprisonment for first and second-degree convictions); N.J.S.A. 2C:44-1(e) (establishing a presumption of non-incarceration for third and fourth-degree convictions where defendant has not previously been convicted). Thus, a court sentencing a defendant for homicide may not consider the victim's death as an aggravating circumstance because that level of harm to the victim has already been accounted for in classifying the offense conduct as a homicide.

In the context of PTI, in contrast, the gradation of the charged crime does not dictate the PTI decision, as shown by the general prohibition against "categorical" denials. See Johnson, 238 N.J. at 123. The Legislature, in other

words, has not already accounted for the material elements of the offense with respect to the prosecutor's case-by-case determination whether a defendant is a suitable candidate for diversion. Instead, the seriousness of the crime generally is accounted for in the PTI decision making process through the prosecutor's consideration of the first PTI factor relating to the nature of the offense. N.J.S.A. 2C:43-12(e)(1).

In any event, we need not decide the novel issue whether the double counting prohibition that applies to a judge's sentencing decision might in certain circumstances extend to a prosecutor's assessment of PTI factors. We are convinced in the circumstances of this case the prosecutor was permitted to consider all of defendant's prior Title 39 convictions to show there was a pattern of antisocial behavior under N.J.S.A. 2C:43-12(e)(8). See State v. Negran, 178 N.J. 73, 84 (2003) (permitting prosecutors to consider "not only serious criminal acts, but less serious conduct, including disorderly person offenses, offenses found under the juvenile code, and acts that technically do not rise to the level of adult criminal conduct," in assessing whether a PTI applicant exhibits a "pattern of anti-social behavior" (quoting State v. Brooks, 175 N.J. 215, 227 (2002))). In State v. Rizzitello, we held:

> The PTI judge's decision to override the prosecutor's rejection of defendant's PTI application failed to give

> due deference to these public policy considerations. The judge also failed to defer to the prosecutor's consideration of defendant's history of Title 39 violations; these violations reveal defendant's multiple instances of defiance of court-ordered suspensions of his driving privileges. In light of these factors, the prosecutor's rejection did not constitute a patent and gross abuse of discretion.
>
> [447 N.J. Super. 301, 316 (App. Div. 2016) (citing <u>Roseman</u>, 221 N.J. at 627).]

In sum, we conclude the prosecutor in this case properly considered defendant's complete driving record, including her DUI convictions, in determining her suitability for PTI. Defendant's driving record reflects not only a pattern, but an unbroken one. We note defendant was apprehended while operating a motor vehicle only four months after her license was suspended for her latest DUI conviction. Such defiance of the court's sentencing authority support's the prosecutor's determination she is not a suitable candidate for diversion.

In these circumstances, the weight the prosecutor ascribed to the interests of public safety and deterrence does not constitute an abuse of discretion, much less a patent and gross abuse. To the extent we have not addressed them, any remaining arguments raised by defendant lack sufficient merit to warrant discussion in this opinion. <u>R.</u> 2:11-3(e)(2).

12

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3653-18T1